Scott **FINNEY**, Appellant,

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 28, 1998.

Decided Dec. 10, 1998.

Martin W. Sheerer, Pittsburgh, for appellant.

Marc A. Werlinsky, Asst. Counsel, and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellee.

Before FLAHERTY, J., LEADBETTER, J., and NARICK, Senior Judge.

FLAHERTY, Judge.

Scott Finney (Finney) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) which dismissed his statutory appeal of a suspension of his driver's license imposed by the Department of Transportation, Bureau of Driver Licensing (Department). We affirm.[1]

On February 26, 1995, Finney was arrested for driving under the influence of alcohol by Officer Patterson of the Whitehall Borough Police Department. Finney was taken to the police station after his arrest where he agreed to submit to a breathalyzer test after being given the implied consent and *O'Connell* warnings.[2]

Officer Patterson testified to the following. Officer Patterson instructed Finney on how to take the breathalyzer test and also took the test himself to be sure the machine was operating properly and the calibration was correct. Officer Patterson then had Finney take the test. On his first attempt Finney did not perform the test properly and

stopped blowing into the machine before it had registered a proper sample. As a result, the machine registered a deficient breath sample with a blood-alcohol content reading of 0.136%. On subsequent attempts, of which there were approximately seven, Finney failed to make a tight seal with his mouth and would leave his breath escape from the side of his mouth or he would puff his cheeks with air.

During the test Finney stated to Officer Patterson that he understood the testing procedures. Finney did not advise Officer Patterson that he had any medical condition, specifically asthma, which would have prevented him from properly performing the test. In addition, Finney did not exhibit any wheezing or shortness of breath that would indicate a medical problem such as asthma, nor did he request that he be permitted to take any medication.

After eight attempts and Finney's statement that he could not complete the test, Officer Patterson recorded a refusal of chemical testing because of Finney's failure to provide two consecutive breath samples as required by 67 Pa.Code §77.24(b)(1).[3]

By official notice dated March 23, 1995, the Department notified Finney that his operating privilege was suspended for one year pursuant to Section 1547(b)(1) of the Vehicle Code (Code), 75 Pa.C.S. §1547(b)(1), for his refusal to submit to chemical testing on February 26, 1995.[4] Finney appealed the suspension to the trial court and a *de novo* hearing was conducted.

At the trial court hearing Finney testified that he made his best efforts to perform the test and that he advised Officer Patterson that he suffered from asthma and that was

---

1. This Court issued an opinion and order in this case on June 19, 1998. By order dated August 21, 1998, Finney was granted reconsideration and the June 19, 1998 opinion and order were withdrawn.

2. *Department of Transportation v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).

3. 67 Pa.Code §77.24(b)(1) provides that the breath test must include at a minimum, "[t]wo consecutive actual breath tests, without a required waiting period between the two tests."

4. Section 1547(b)(1) provides:

   If any person placed under arrest for a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

the reason he could not force enough air into the tube on the machine. To support his claim that he was incapable of performing the test due to his medical condition, Finney presented the deposition testimony of Dr. Michael Wald, who had examined Finney on October 29, 1996, over twenty months after his arrest.

The trial court accepted the testimony of Officer Patterson as more credible, rejecting the testimony of Finney that he informed the officer of his medical condition. The trial court also found that Finney had intentionally circumvented the tests. In addition, the trial court did not give great weight to the deposition testimony of Dr. Wald noting that he had not examined Finney until more than a year after Finney's arrest. The trial court accordingly dismissed Finney's appeal. Finney then appealed to this Court.

Finney raises two issues for our review: whether he refused to submit to chemical testing under Section 1547 of the Code and whether the trial court abused its discretion in ignoring the testimony of his physician.[5]

■ It is well settled that to sustain a license suspension under Section 1547 of the Code, the Department has the burden of establishing that the driver (1) was arrested for drunken driving by a police officer who had reasonable grounds to believe that the motorist was operating, or actually controlling or operating the movement of a motor vehicle, while under the influence of alcohol; (2) was requested to submit to a chemical test; (3) refused to do so; and (4) was warned that refusal might result in a license suspension. *O'Connell,* 521 Pa. at 248, 555 A.2d at 876. Once the Department establishes these four elements, the burden shifts to the licensee to prove, by competent evidence, that he or she was unable to knowingly and consciously refuse chemical testing. This is a factual determination which is to be made by the trial court. *O'Connell,* 521 Pa. at 249, 555 A.2d at 876. As fact finder, the trial court is required to evaluate the witnesses, their demeanor and make necessary credibility determinations. *Department of Transportation, Bureau of Driver Licensing v. Gaertner,* 138 Pa.Cmwlth. 423, 589 A.2d 272 (Pa.Cmwlth.1991). The trial court may accept or reject the testimony of any witness in whole or in part. *Department of Transportation, Bureau of Driver Licensing v. Ingram,* 538 Pa. 236, 648 A.2d 285 (1994). These credibility determinations cannot be disturbed on appeal.

■ In this case the trial court found that Finney complied with the request to submit to chemical testing and that he made many attempts to supply a breath sample but failed to supply the sample needed. We are bound by the trial court's findings. However, the issue of whether Finney's conduct in failing to provide a sufficient breath sample constitutes a refusal is a question of law and is reviewable by this Court. *See Mueller v. Department of Transportation, Bureau of Driver Licensing,* 657 A.2d 90, 93 (Pa. Cmwlth.1995).[6]

■ It is well established that anything less than a licensee's unqualified, unequivocal assent to submit to chemical testing constitutes a refusal under §1547 of the Code. *Department of Transportation, Bureau of Traffic Safety v. Mumma,* 79 Pa.Cmwlth. 108, 468 A.2d 891 (Pa.Cmwlth.1983). A refusal need not be expressed in words, but can be implied from a motorist's actions. For example, this Court has held that a licensee's failure to provide a sufficient breath sample during a breathalyzer test is tantamount to a refusal to take the test. Even a licensee's good faith attempt to comply with the test constitutes a refusal where the licensee fails to supply a sufficient breath sample. *Pappas v. Department of Transportation, Bureau of*

---

**5.** Our review in a license suspension case is limited to determining whether the trial court's findings of fact are supported by competent evidence, errors of law were committed, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Gombar v. Department of Transportation, Bureau of Driver Licensing,* 678 A.2d 843 (Pa.Cmwlth.1996).

**6.** The Department contends that Finney has waived appellate review of all issues because he did not properly develop or present legal support for his argument. We disagree. A review of Finney's brief reveals that it properly raises issues for our review and does not merit a conclusion that all issues have been waived.

*Driver Licensing,* 669 A.2d 504 (Pa.Cmwlth. 1996). Further, unless a licensee's incapability to take the test is obvious, the licensee must inform the police officer administering the test of any medical condition causing such incapability which will provide the officer an opportunity for alternative chemical testing. *Department of Transportation, Bureau of Driver Licensing v. Wilhelm,* 156 Pa.Cmwlth. 24, 626 A.2d 660 (Pa.Cmwlth. 1993).

Here, the trial court found that Finney complied with the request to submit to chemical testing and that he made many attempts to supply a breath sample but failed to do so. The trial court then found credible Officer Patterson's testimony that Finney did not inform the officer that he had asthma. Where, as here, a licensee fails to inform the police officer administering the breathalyzer test that he or she suffers from a medical condition preventing successful completion of the test, the licensee is not permitted to present testimony to establish that a medical condition allegedly existed at the time of the test. *Hatalski v. Department of Transportation, Bureau of Driver Licensing,* 666 A.2d 386 (Pa.Cmwlth.1995).

In this case it is irrelevant that Finney presented testimony from a physician concerning any alleged asthma condition from which Finney may have suffered. Since the trial court found that Finney did not inform the officer administering the breathalyzer that he had a medical condition that would prevent him from successfully completing the test, according to our holding in *Hatalski,* the testimony from Dr. Wald concerning Finney's asthma condition cannot be considered. Even had the trial court been required to consider Dr. Wald's testimony, it clearly gave very little weight to the testimony as was its prerogative. This was not an abuse of the trial court's discretion as argued by Finney, but a valid exercise of its duty as fact finder to evaluate witnesses and make necessary credibility determinations. *See Gaertner,* 589 A.2d at 272.

Accordingly, under the facts as found by the trial court we must conclude, in accordance with our previous holding in *Pappas,* 669 A.2d at 504, that Finney's failure to provide a sufficient breath sample for the breathalyzer test constitutes a refusal as a matter of law. Therefore, the order of the trial court dismissing Finney's appeal is affirmed.

The Department contends that it is entitled to attorney's fees and costs incurred in defending the instant appeal pursuant to Pa. R.A.P. 2744, which authorizes an appellate court to award costs, including reasonable attorney's fees, to an appellee, where an appeal is frivolous.[7] The Department seeks assessment of attorney's fees and costs against Finney and his counsel jointly and severally, or in the alternative, only against Finney's counsel.

We are well aware that an appeal is frivolous for the purpose of Pa. R.A.P. 2744, if the appeal lacks any basis in law or in fact. *Thunberg v. Strause,* 545 Pa. 607, 682 A.2d 295 (1996). However, we are also cognizant of the fact that a grant of costs and fees by this Court pursuant to Pa. R.A.P. 2744 is discretionary since the rule itself specifically states "an appellate court may award as further costs . . .".

The Department contends that Finney's appeal is based solely on an attack of the trial court's findings of fact and credibility determinations. We must disagree. As stated above, the issue of whether Finney's conduct in failing to provide a sufficient breath sample constitutes a refusal is a question of law reviewable by this Court. *See Mueller,* 657 A.2d at 93. To find that Finney's appeal to us in order to review this

---

7. Pa. R.A.P. 2744 provides:

In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including,

    (1) reasonable counsel fee and

    (2) damages for delay at the rate of 6% per annum in addition to any legal interest, if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

question of law is frivolous just because he also questions the trial court's findings of fact and credibility determinations would be unjust. Finney made the effort to provide deposition testimony from a physician concerning his asthma condition. If we had concluded that the trial court abused its discretion by giving the testimony very little weight, the testimony may have provided Finney with the evidence he needed to refute the Department's contention that he had refused the chemical test when he did not provide a sufficient breath sample. Because we did not conclude such does not make the appeal frivolous.

Therefore, in exercising our discretion under Pa. R.A.P. 2744 we conclude that Finney's appeal was not frivolous and decline to award attorney's fees and costs in this case.

### ORDER

AND NOW, this 10th day of December, 1998, the order of the Court of Common Pleas of Allegheny County at No. SA 1267 of 1995 is affirmed. The request of the Department of Transportation, Bureau of Driver Licensing for attorney's fees and costs is denied.