**James Henry GREGRO, Appellant**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 4, 2009.

Decided Jan. 5, 2010.

David R. Eshelman, Reading, for appellant.

Terrance M. Edwards, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

BEFORE: LEADBETTER, President Judge, and McGINLEY, Judge, and LEAVITT, Judge.

OPINION BY Judge McGINLEY.

James Henry Gregro (Gregro) appeals from the order of the Court of Common Pleas of Berks County (trial court) that denied his appeal from a one-year suspension of his operating privilege pursuant to Section 1547(b)(1)(i) of the Vehicle Code (Code), 75 Pa.C.S. § 1547(b)(1)(i).[1]

By official notice dated February 9, 2009, the Department of Transportation (DOT) informed Gregro that his operating privilege was to be suspended for one year, effective March 16, 2009, as a result of his refusal to submit to chemical testing on January 21, 2009. Gregro appealed to the trial court.

At a *de novo* hearing, Officer Michael Wiley (Officer Wiley) of the Bern Township Police Department testified that while on routine patrol on January 21, 2009, in the vicinity of West Pine Street and West Main Street he observed a black Ford Mustang pass his location. Officer Wiley

---

1. Section 1547(b)(1) of the Code provides:
 **(b) Suspension for refusal.—**
 (1) If any person placed under arrest for a violation of section 3802 [relating to driving under influence of alcohol or controlled substance] is requested to submit to chemi-

cal testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person ... (i) ... for a period of 12 months.

believed the vehicle was traveling faster than the posted forty mile per hour speed limit. Officer Wiley followed the Mustang. It turned on to White Oak Lane which was posted at a speed limit of thirty-five miles per hour. Officer Wiley used his VAS-CAR speed timing device and clocked the Mustang at fifty-eight miles per hour. Shortly thereafter, Officer Wiley put on his emergency lights and siren and signaled the vehicle to pull over. Officer Wiley approached the vehicle and asked Gregro, the driver, to produce his driver's license, registration, and proof of insurance. Notes of Testimony, May 27, 2009, (N.T.) at 6–9; Reproduced Record (R.R.) at 19a–20a.

As he spoke to Gregro, Officer Wiley noticed that Gregro's "speech was slurred and that his eyes were glassy in appearance." N.T. at 9; R.R. at 20a. Gregro failed three field sobriety tests. Officer Wiley administered a preliminary breath test to Gregro who registered 0.11 percent. Officer Wiley placed Gregro under arrest and transported him to St. Joseph's Hospital to request a blood alcohol sample. N.T. at 10–11; R.R. at 20a. Officer Wiley read Gregro PennDOT Form DL–26, which contained the Implied Consent and O'Connell Warnings. Officer Wiley reported that Gregro asked to read the form himself and then requested an attorney. When Officer Wiley pointed to the section on the form which stated that he had no right to an attorney prior to deciding whether to submit to testing, Gregro told Officer Wiley that he refused to take the test. N.T. at 12–14; R.R. at 20a–21a. On cross-examination, Officer Wiley described Gregro's preliminary breath test as "an extremely weak breath. It took him some

prodding to blow into it." N.T. at 17; R.R. at 22a.

Gregro did not testify. His counsel introduced into evidence a copy of the Pennsylvania Bulletin dated January 3, 2009, which listed machines that were approved for use for preliminary breath tests and evidentiary breath tests or both.

By order dated June 5, 2009, the trial court denied the appeal and reinstated the license suspension. The trial court determined:

> [T]he statute provides that more than one chemical test may be given to a driver. It is uncontroverted that Licensee [Gregro] refused to submit to a blood test. Therefore, he violated § 1547 by refusing to take a blood test. Under the statute it is immaterial that he submitted to an earlier breath test; a driver is deemed to give consent to one or more chemical tests. In the case *sub judice* the officer requested two tests, and Licensee [Gregro] refused one of them. Even assuming *arguendo* that a driver cannot be forced to submit to a second chemical test, Licensee [Gregro] still did not comply with this statute. Officer Wiley determined that Licensee [Gregro] had produced an extremely weak breath for the test. Thus, Licensee [Gregro] did not successfully complete the chemical test that he had taken.

Trial Court Opinion, August 21, 2009, at 3–4.

 Gregro contends[2] that he complied with the chemical testing requirements contained in Section 1547 of the Code, 75 Pa.C.S. § 1547, when he blew into an Alco-Sensor, an approved eviden-

---

**2.** This Court's review is limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law were committed, or whether the trial court committed an abuse of discretion in making its determination. *Department of Transportation v. Renwick,* 543 Pa. 122, 669 A.2d 934 (1996).

tiary breath testing device and registered a .11 percent blood alcohol content reading even though he later refused to submit to a blood test.[3]

██ The question of whether a licensee has refused chemical testing is one of law, based upon the facts found by the trial court. *Tullo v. Department of Transportation, Bureau of Driver Licensing,* 837 A.2d 605 (Pa.Cmwlth.2003). This Court has held that anything substantially less than an unqualified, unequivocal assent to submit to chemical testing constitutes a refusal. *Finney v. Department of Transportation, Bureau of Driver Licensing,* 721 A.2d 420 (Pa.Cmwlth.1998).

Here, Gregro asserts that he complied with the request to submit to the chemical testing when he blew into an Alco–Sensor device after Officer Wiley stopped him. Gregro asserts that because the Pennsylvania Department of Health has approved the Alco–Sensor as a prearrest or evidentiary breath testing device his breath sample at the traffic stop constituted a valid sample and he did not refuse.

Whether Gregro is correct that the notice in the Pennsylvania Bulletin established that an Alco–Sensor device could be used for both a prearrest breath test and an evidentiary test, Gregro would have this Court misinterpret the Vehicle Code.

Section 1547(a) of the Code, 75 Pa.C.S. § 1547, provides:

§ 1547. **Chemical testing to determine amount of alcohol or controlled substance.**

(a) **General rule.**—Any person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle.

Section 1547(k) of the Code, 75 Pa.C.S. § 1547(k), provides:

(k) **Prearrest breath test authorized.**—A police officer, having reasonable suspicion to believe a person is driving or in actual physical control of the movement of a motor vehicle while under the influence of alcohol, may require that person prior to arrest to submit to a preliminary breath test on a device approved by the Department of Health for this purpose. The sole purpose of this preliminary breath test is to assist the officer in determining whether or not the person should be placed under arrest. The preliminary breath test shall be in addition to any other requirements of this title. No person has any right to expect or demand a preliminary breath test. Refusal to submit to the test shall not be considered for purposes of subsections (b) and (e).

Section 1547(k) of the Code, 75 Pa.C.S. § 1547(k), sets forth the limitations and reasons for a preliminary breath test. It clearly states that the sole purpose of the preliminary breath test is to assist the officer in determining whether to place the

---

**3.** In cases involving the suspension of a driver's license for a refusal to submit to chemical testing, DOT must prove: 1) that the licensee was placed under arrest for driving under the influence of alcohol by a police officer who had reasonable grounds to believe that he was operating or was in actual physical control of the movement of the vehicle while under the influence of alcohol; 2) that he was requested to submit to chemical testing; 3) that he was informed that a refusal to submit to such testing would result in a suspension of his operating privileges; and 4) that the licensee refused to submit to the test. *Banner v. Department of Transportation, Bureau of Driver Licensing,* 558 Pa. 439, 737 A.2d 1203 (1999).

suspect under arrest. Further, Section 1547(k) also states that a refusal to submit to a preliminary breath test does not constitute a refusal to submit to a chemical test under Section 1547(b) which was the section under which Gregro was suspended.

In *Ryan v. Department of Transportation*, 823 A.2d 1101 (Pa.Cmwlth.2003), this Court explained the difference between the two types of tests:

> The Vehicle Code contemplates two different types of tests . . . .
>
> The test described in Section 1547(k) is a preliminary breath test in the field, performed on an instrument which detects the presence of alcohol. . . . The sole purpose of the field sobriety test is to assist the officer in determining whether a driver should be placed under arrest, not whether the driver is actually intoxicated. . . . The test serves the same purpose as other, perhaps more familiar, field sobriety tests, such as walking a straight line or touching your nose with your finger. . . . Obviously, this type of test occurs *before arrest*. Significantly, refusal to perform a preliminary breath test cannot be the basis of a license suspension. . . .
>
> The second type of test contemplated by the Vehicle Code is a test administered *after arrest* 'for the purpose of determining the alcohol content of the blood . . . .' and implicates the Implied Consent Law. . . . Unlike the preliminary breath test, refusal to submit to a post-arrest test to determine the alcoholic content of the blood under the Implied Consent Law can result in license suspension. Also, the results of the test may be admissible in court in subsequent criminal and civil actions. (Citations omitted) (Emphasis in original).

*Ryan*, 823 A.2d at 1103–1104.

Also, our Pennsylvania Superior Court has determined that the results of a pre- liminary breath test are inadmissible. *Commonwealth v. Stanley*, 427 Pa.Super. 422, 629 A.2d 940 (1993).

 Here, the record established that Officer Wiley gave Gregro the preliminary breath test prior to placing him under arrest. The breath sample taken was to assist Officer Wiley in making a determination to arrest Gregro. Once he was placed under arrest, he was taken to the hospital and asked to submit to chemical testing to determine his blood alcohol content. Gregro refused to take this test. Regardless of whether the machine Officer Wiley used for the preliminary breath test could be used for an evidentiary test as well, that was not the purpose of the test. The Code and the case law clearly establish that the two tests are different and not interchangeable. Under Section 1547(k) of the Code, 75 Pa.C.S. § 1547(k), a refusal to submit to a preliminary breath test does not constitute a refusal to submit to chemical testing under Section 1547(b)(1)(i), the section under which Gregro was suspended. If a refusal to submit to the preliminary breath test may not result in a license suspension under Section 1547(b), it follows that agreeing to a preliminary breath test does not satisfy the requirement to submit to chemical testing for which a refusal does result in a suspension.

Accordingly, this Court affirms.

## ORDER

AND NOW, this 5th day of January, 2010, the order of the Court of Common Pleas of Berks County in the above-captioned matter is affirmed.