# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Credico                 :

           Appellant      :

                           :

         v.            :    No. 1459 C.D. 2018

                           :    Submitted:  August 28, 2020

Commonwealth of Pennsylvania,   :

Chester County Adult Probation/Parole,  :

Unknown Official of Adult Probation,  :

Chester County District Attorney's   :

Office, Unknown DA of Chester     :

County, Chester County Hospital,    :

Unknown Official of PA State Health  :

Department, Unknown Chester County :

Hospital Nurse, United States Health  :

and Human Services, Unknown FBI   :

Agents of Philadelphia, Unknown FBI  :

Agents of Newtown Square, Chester  :

County, Delaware County, Delaware   :

County Probation/Parole, Unknown   :

Officials of Delaware County Probation, :

Delaware County District Attorney's  :

Office, Unknown DA of          :

Delaware County, J. Phyllis Streitel,  :

Chester County Prison, Unknown    :

Official of Chester County Prison,   :

John & Jane Does, United States,    :

Unknown Chester County Prison    :

Official, Unknown Chester County   :

Prison Mental Health Officials,     :

Ziggler, Yanazelli, et al., Unknowns,  :

Unknown Prime Care Medical Officials :

**BEFORE:**    **HONORABLE RENÉE COHN JUBELIRER,** Judge
                **HONORABLE MICHAEL H. WOJCIK,** Judge
                **HONORABLE ELLEN CEISLER,** Judge

**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED:  February 10, 2021**


Following remand to the Court of Common Pleas of Chester County (trial court), this case returns to us for resolution of one issue:  whether Justin Credico (Credico) has waived all issues on appeal by failing to file **and** serve a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b) (Rule 1925(b)).  Credico appeals from a June 1, 2018 Order (June 2018 Order) of the trial court denying Credico's motion to proceed *in forma pauperis* so that he could file a petition to open or strike a judgment of non pros that was entered against him.  Because it was unclear based on the record before us whether Credico properly filed and served a Rule 1925(b) statement, we remanded to the trial court to determine if Credico complied with the requirements of Rule 1925(b).  *Credico v. Commonwealth* (Pa. Cmwlth., No. 1459 C.D. 2018, filed Nov. 22, 2019) (*Credico I*).  Upon remand, the trial court found that Credico did not file and serve a Rule 1925(b) statement.  Because we are bound by the trial court's findings, we affirm its June 2018 Order.

The complete procedural and factual history of this matter was set forth in *Credico I*; therefore, we set forth only that which is relevant here.  We explained in *Credico I* as follows:

> On June 12, 2018, Credico simultaneously filed a notice of appeal of the June 2018 Order[ ] and what he labeled as a Rule 1925(b) statement (June Rule 1925(b) Statement).[ ]  The certificate of service accompanying the notice of appeal and June Rule 1925(b) Statement indicates only that the [Prothonotary of Chester County's (prothonotary)] office was sent a copy, but does not mention service on the trial court.  On June 26, 2018, the trial court issued an order

2

directing Credico to file a Rule 1925(b) statement within 21 days. The order directed Credico to file the statement of record and serve a copy on the trial court pursuant to Rule 1925(b)(1). The order warned that "[a]ny issue not properly included in the [s]tatement timely filed and served pursuant to [Rule 1925(b)] shall be deemed waived. Attention is directed to [Rule 1925(b)(4),] which sets forth requirements for the [s]tatement." (June 26, 2018 trial court order.)

The record does not reflect any other Rule 1925(b) statement being filed. However, in its July 24, 2018, Order in Lieu of 1925 Opinion, the trial court noted that it received a Rule 1925(b) statement from Credico on July 5, 2018 (July Rule 1925(b) Statement), but it was not filed with the prothonotary. The trial court acknowledged that Credico filed the June Rule 1925(b) Statement simultaneously with his notice of appeal in June, but found it was not in compliance with the order directing him to serve it upon the trial court. The trial court also explained that the June Rule 1925(b) Statement filed with the prothonotary was different from the July Rule 1925(b) Statement that was served on the trial court but purportedly not filed with the prothonotary. Because Credico did not file a Rule 1925(b) statement in compliance with the trial court's order and Rule 1925(b), the trial court reasoned that Credico had waived all objections to the June 1, 2018 Order.[ ]

*Credico I*, slip op. at 5-6 (footnotes omitted).

As we noted in *Credico I*, the certificate of service for the June Rule 1925(b) Statement does not show service on the trial court and the July Rule 1925(b) Statement is not docketed as having been filed of record. *Id*. at 10. However, Credico asserted that he did properly file and serve both statements, arguing that he "sent both copies, and for unknown rea[s]ons beyond his control – as he was a prisoner using prison legal mail systems and prisoner mailbox rule process - . . . the prothonotary never received the matters complained of, but the chambers did." *Id*. at 11 (quoting Credico's Reply Brief at 2). Because there remained a question regarding service and filing of Credico's Rule 1925(b) statements, we retained jurisdiction and remanded to the trial court to "enter an order determining whether a Rule 1925(b) statement was properly filed and served" and, if necessary, "order

3

discovery, hold an evidentiary hearing, and/or enter findings of fact and conclusions of law." *Id*. at Order.

Upon remand, the trial court directed the prothonotary to file a signed affidavit with respect to whether Credico properly filed and served a Rule 1925(b) statement. (Dec. 6, 2019 trial court order, Original Record (O.R.) Item No. 46.) On December 31, 2019, the prothonotary filed an affidavit stating, in relevant part, that: (1) Credico filed with the prothonotary a Rule 1925(b) statement on June 12, 2018; and (2) in July 2018, the trial court judge received an apparently different Rule 1925(b) statement from Credico, which Credico did not file with the prothonotary. (Dec. 31, 2019 Holliday Affidavit ¶¶ 15-16, 20-23.)

In response to the prothonotary's affidavit, the trial court issued a rule to show cause why it should not deem the affidavit sufficient to satisfy this Court's Order in *Credico I*. (Jan. 14, 2020 trial court order, O.R. Item No. 51.) The trial court directed Credico "to appear before the [trial c]ourt to show cause on January 21st, 20[20] . . . ." (*Id*.)

As directed, Credico appeared before the trial court on January 21, 2020. During the hearing, Credico stated that he could not obtain a time-stamped copy of either the June 1925(b) Statement or the July 1925(b) Statement while incarcerated, and prison officials at Allenwood Correctional Facility, where Credico was incarcerated at the time, would not provide him with mail delivery logs. (Hearing Transcript at 7, 18.) However, Credico stated that he had a "specific recollection" that he separately mailed the Rule 1925(b) statements to the prothonotary and trial court in separate envelopes. (*Id*. at 17-18.) Credico acknowledged that the certificate of service attached to the July 1925(b) statement did not indicate Credico filed it with the prothonotary, stating:

4

Right. But I'm telling you I sent it. And the one before that there was evidence showing I did send it to [the prothonotary] because they [sic] received it and you said I didn't get it. And then when you do get yours and go back to theirs [sic] in the record, they're not the same.

(*Id*. at 16.) When the trial court asked Credico why he did not file the July Rule 1925(b) Statement with the prothonotary, Credico again responded that he did – "[t]hat's why [the prothonotary] got the one before that, but you didn't for some reason." (*Id*. at 20.)

On January 27, 2020, based on the evidentiary hearing and the prothonotary's affidavit, the trial court issued an order finding that Credico did not file of record a Rule 1925(b) statement. (January 27, 2020 trial court order.) The trial court noted that, during the evidentiary hearing, the trial court entered of record Credico's Rule 1925(b) statement that was "time stamped and received in chambers on July 5, 2018." (*Id*. at 1 n.4.) The trial court identified that Rule 1925(b) statement as an "original document which, according to the [c]ertificate of [s]ervice attached as well as the envelope attached, clearly was not filed but rather sent only to [the trial court's] chambers." (*Id*.) In addition, the trial court stated that the "only evidence of record that this [Rule 1925(b) s]tatement was sent to the [p]rothonotary is [Credico's] statement at the evidentiary hearing, which th[e trial c]ourt did not find persuasive." (*Id*.) The trial court found that Credico "offered no copy of a certificate of service, no prison mailing log . . . , no certificate of mailing[,] and no time stamped copy." (*Id*.) Accordingly, the trial court requested that this appeal be quashed. (*Id*. at 1.)

As we stated in *Credico I*:

It is a bright-line rule that in order for litigants to preserve claims on appeal, they must comply with a trial court order to file a Rule 1925(b) statement. *See Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa.

5

2005). This strict application of Rule 1925 may be harsh, but non-compliance with Rule 1925 "results in the inability of the appellate courts to determine which issues were presented to the trial court, and thus preserved for appeal . . . ." *Id.* Rule 1925(b) provides:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court**.--If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> (1) *Filing and service*.--Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in [Pennsylvania Rule of Appellate Procedure 121(a),] Pa.R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c). Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

Pa.R.A.P. 1925(b).[1]

*Credico I*, slip op. at 8.

We further explained in *Credico I* that precedent is well established that a party "must **[both] file and serve** a Rule 1925(b) statement in order to preserve any issues on appeal." *Id.* at 9 (emphasis added and in original) (citing *Egan v.*

---

[1] Following Credico's appeal, Rule 1925(b)(1) was amended, effective October 1, 2019. Previously, the rule specified that "service [of a Rule 1925(b) statement] on the judge shall be in person or by mail as provided by Rule of Appellate Procedure 121(a)." *Former* Pa.R.A.P. 1925(b)(1). Now, service on the judge "shall be at the location specified in the order [giving rise to the notice of appeal], and shall be either in person, by mail, or by any other means specified in the order [giving rise to the notice of appeal]." Pa.R.A.P. 1925(b)(1).

*Stroudsburg Sch. Dist.*, 928 A.2d 400, 402 (Pa. Cmwlth. 2007); *Everett Cash Mut. Ins. Co. v. T.H.E. Ins. Co.*, 804 A.2d 31, 34 (Pa. Super. 2002)).[2] The trial court found that there is no credited evidence of record that Credico both filed **and** served a Rule 1925(b) statement. To the extent Credico testified that he both filed and served the statement, the trial court found such testimony not persuasive. We cannot disturb the trial court findings because, as fact-finder, the trial court maintains exclusive province over matters involving the credibility of witnesses and the weight afforded to the evidence. *City of Philadelphia v. Urban Mkt. Dev., Inc.*, 48 A.3d 520, 524 (Pa. Cmwlth. 2012). The trial court "may accept or reject the testimony of any witness in whole or in part," and the trial court's "credibility determinations cannot be disturbed on appeal." *Finney v. Dep't of Transp., Bureau of Driver Licensing*, 721 A.2d 420, 423 (Pa. Cmwlth. 1998).

Accordingly, because the trial court found that Credico failed to file **and** serve a Rule 1925(b) statement, we hold that Credico has not preserved any issue for our review and, accordingly, affirm the trial court's June 2018 Order.[3]

---

**RENÉE COHN JUBELIRER,** Judge

Judge Fizzano Cannon did not participate in the decision of this case.

---

[2] Although not binding on this Court, Superior Court decisions "offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 551 (Pa. Cmwlth. 2018).

[3] When issues are waived on appeal because an appellant failed to preserve them, a court should affirm rather than quash the appeal; quashing is appropriate for lack of jurisdiction. *See In re K.L.S.*, 934 A.2d 1244, 1246 n.3 (Pa. 2007).

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Credico                                     :
                        Appellant                  :
                                                   :
            v.                                     :     No. 1459 C.D. 2018
                                                   :
Commonwealth of Pennsylvania,                      :
Chester County Adult Probation/Parole,             :
Unknown Official of Adult Probation,               :
Chester County District Attorney's                 :
Office, Unknown DA of Chester                      :
County, Chester County Hospital,                   :
Unknown Official of PA State Health                :
Department, Unknown Chester County                 :
Hospital Nurse, United States Health               :
and Human Services, Unknown FBI                    :
Agents of Philadelphia, Unknown FBI                :
Agents of Newtown Square, Chester                  :
County, Delaware County, Delaware                  :
County Probation/Parole, Unknown                   :
Officials of Delaware County Probation,            :
Delaware County District Attorney's                :
Office, Unknown DA of                              :
Delaware County, J. Phyllis Streitel,              :
Chester County Prison, Unknown                     :
Official of Chester County Prison,                 :
John & Jane Does, United States,                   :
Unknown Chester County Prison                      :
Official, Unknown Chester County                   :
Prison Mental Health Officials,                    :
Ziggler, Yanazelli, et al., Unknowns,              :
Unknown Prime Care Medical Officials               :

## O R D E R

**NOW**, February 10, 2021, the June 1, 2018 Order of the Court of Common

Pleas of Chester County is hereby **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** Judge