**Albert M. KANOUSKY, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 2, 1994.
Decided Feb. 23, 1995.
Reargument Denied April 20, 1995.

Robert A. Kurtz, for appellant.

Timothy P. Wile, Asst. Counsel In–Charge Appellate Section, for appellee.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

KELLEY, Judge.

Albert M. Kanousky (licensee) appeals an order of the Court of Common Pleas of Schuylkill County (trial court) which denied licensee's appeal from the suspension of his operating privilege pursuant to section 1547(b)(1) of the Vehicle Code.[1]

In this appeal, licensee presents one issue for review: whether the trial court erred in finding that the police officer had reasonable grounds to believe that licensee was driving, operating, or in actual physical control of the movement of a motor vehicle as required by section 1547.

The trial court made the following relevant findings of fact. On August 7, 1993, Officer Scott Michalesko of the Ringtown Police Department, while on patrol, heard tires squeal and observed a vehicle pass by. The officer followed the vehicle and activated his overhead lights. The vehicle stopped within 500 feet after the officer heard the tires squeal.

When Officer Michalesko stopped his patrol car, two of the occupants of the vehicle were already out and a third occupant remained in the back seat. The officer detected the odor of alcohol on licensee. The officer asked, "Who is the owner?", and licensee replied, "I am." The officer then testified that he assumed licensee to be the driver. Licensee was then asked to submit to field tests. Licensee failed the walk and turn test and would not perform the one leg stand due to a leg injury. Licensee was then searched, informed that he was under arrest

and placed in the police vehicle. The standard form regarding chemical testing was read to licensee. The officer properly informed licensee that a refusal would result in a one year suspension and that the *Miranda*[2] warnings were not applicable. Licensee then stated, "I'm not going for a test" and "I'm not signing anything until I talk to a lawyer".

On October 19, 1993, Officer Michalesko became aware, for the first time, that licensee was not driving the vehicle on the night in question. The other occupant who was outside the vehicle with licensee told the officer that he was driving. Accordingly, the underlying driving under the influence charge was withdrawn.

By notice dated September 1, 1993, the Department of Transportation (DOT) notified licensee that his operating privilege would be suspended for one year as a result of his refusal to submit to chemical testing on August 7, 1993. Licensee appealed to the trial court.

A *de novo* hearing on licensee's appeal was held on December 8, 1993. By order dated December 16, 1993, the trial court denied licensee's appeal. The trial court determined that DOT had met its burden of establishing that the arresting officer had reasonable grounds to believe that licensee was driving under the influence. Licensee now appeals to this court.[3]

Pursuant to section 1547, DOT's burden of proof to suspend licenses requires DOT to prove that the motorist was arrested for driving under the influence by an officer who had reasonable grounds to believe that the motorist was operating the motor vehicle while under the influence of alcohol or controlled substance. *Department of Transportation, Bureau of Driver Licensing v. Hol-*

---

1. Section 1547(b)(1) provides:

   If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

   75 Pa.C.S. § 1547(b)(1).

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. This court's scope of review in a driver's license suspension case is limited to determining whether the findings of fact of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989).

*sten,* 150 Pa.Commonwealth Ct. 1, 615 A.2d 113 (1992). Section 1547(a) provides that:

    **(a) General rule.**—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

      (1) while under the influence of alcohol or a controlled substance or both;

      (2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.

■ In determining whether an officer had reasonable grounds to make an arrest for operating a motor vehicle while under the influence of alcohol, the test is whether a reasonable person viewing the facts and circumstances as they appeared to the arresting officer could have concluded that the driver had operated the motor vehicle while under the influence of alcohol. *Department of Transportation, Bureau of Driver Licensing v. McGrath,* 151 Pa.Commonwealth Ct. 1, 617 A.2d 400 (1992). Whether reasonable grounds exist to believe that a motorist operated his vehicle while under the influence of alcohol or controlled substance is a question of law reviewable by this court on a case by case basis. *Department of Transportation, Bureau of Driver Licensing v. Malizio,* 152 Pa.Commonwealth Ct. 57, 618 A.2d 1091 (1992).

■ In the present case, licensee argues that the arresting officer did not have reasonable grounds to believe that he had been driving the vehicle because the officer never asked who was driving the vehicle, he only asked who owned the vehicle. When licensee responded that he owned the vehicle and upon that basis alone, licensee argues, the police officer conducted the field sobriety tests that led to licensee's eventual arrest for driving under the influence.

Licensee contends that since the officer has the burden of proving the fact as to who was driving the vehicle, the police officer at a minimum should have questioned all three occupants including licensee as to who was the driver. Licensee also points out that once the arresting officer testified before the trial court that if he had known the other person was the real driver, he would never have sent out a notice of licensee's refusal to DOT.

In response, DOT argues that the facts and circumstances as they appeared to the arresting officer at the time of the arrest provided him with sufficient reasonable grounds to request licensee to submit to a blood test. DOT contends that the fact that licensee was the registered owner of the vehicle supported the inference, created by section 6143(a) of the Judicial Code,[4] that he was the operator.

The record reveals that licensee was not the driver of his vehicle when he was stopped by the arresting officer on August 7, 1993. The actual driver later admitted to the arresting officer that he was the driver on the night in question. It is undisputed that the arresting officer testified before the trial court that if he had known that licensee was not the driver of the vehicle that night, he would not have sent notice of licensee's refusal to DOT.

In light of the facts of this case, we believe that to allow an admitted error to work adversely to the innocent licensee is totally without justification. Accordingly, the order of the trial court is reversed and DOT is ordered to reinstate licensee's operating privileges.

---

4. Section 6143(a) provides that:

    In any proceeding for the recovery of a civil penalty for an infraction of the provisions of any law relating to the ownership or operation of any conveyance by air, land or water or any game or fish law or any local ordinance, rule or regulation relating thereto, the registration number displayed on a conveyance shall sustain an inference that the owner of the conveyance was then operating the conveyance.

    42 Pa.C.S. § 6143(a).

*ORDER*

NOW, this 23rd day of February, 1995, the order of the Court of Common Pleas of Schuylkill County, dated December 16, 1993, at No. S–1758–1993, is reversed.