737 A.2d 1203

**Robert N. BANNER, Jr., Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 15, 1998.

Decided Sept. 29, 1999.

440

Richard H. Galloway, Greensburg, for appellants.

Timothy P. Wile, Harold H. Cramer, Andrew S. Gordon, Harrisburg, for PENNDOT.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN, and SAYLOR, JJ.

## OPINION

ZAPPALA, Justice.

We granted allocatur in this license suspension case to determine whether the arresting officer had reasonable grounds to believe that Appellant was operating or in actual physical control of a motor vehicle while under the influence of alcohol. The Commonwealth Court held that reasonable grounds existed. For the reasons that follow, we reverse.

On September 18, 1994, at approximately 4:20 a.m., Pennsylvania State Policeman Richard Doran was dispatched to check a suspicious vehicle in the area of State Route 130, near a Humphrey Road Uni–Mart in Hempfield Township, Westmoreland County. Upon arriving at the scene, the officer found Robert N. Banner, Appellant, sleeping in a reclined position in the passenger seat of a white Cadillac sedan parked along the roadway.[1] Although the keys were in the ignition, the engine was not running and the lights were not on. When the officer tapped on the car window, Appellant awakened and reached for the keys in the ignition. No alcohol was found in the vehicle.

After Appellant failed a field sobriety test, he was arrested for driving under the influence of alcohol. The officer asked Appellant to submit to chemical testing and gave him the

---

1. Throughout his brief, Appellant repeatedly asserts that his car was discovered in the parking lot of the Uni–Mart convenience store. The common pleas court, however, made a specific finding that the car was discovered alongside a country road. Trial Court Opinion at 3. This finding is supported by the record as Trooper Doran testified that when he arrived at the convenience store he discovered the vehicle alongside the road and not in the parking lot. N.T. 3/4/96 at 9.

appropriate warnings. Appellant refused. The Department of Transportation (DOT) subsequently notified him that as a result of his refusal, his operating privileges would be suspended for one year pursuant to section 1547(b)(1) of the Vehicle Code.[2] Appellant appealed his suspension to the common pleas court. Following a hearing, the judge elected to recuse himself and the case was reassigned. A second hearing was held, where the only testimony presented was that of the arresting officer. The court dismissed the appeal, finding that the officer had reasonable grounds to believe that the Appellant had been in control of his vehicle while under the influence of alcohol. The Commonwealth Court affirmed on the basis of the common pleas court opinion.

 As an appellate court, our standard of review in a license suspension case is to determine whether the factual

2. The Implied Consent Law set forth in Section 1547 provides as follows:

(a) General rule.—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

(1) while under the influence of alcohol or a controlled substance or both; or

(2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.

(b) Suspension for refusal.—

(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.

(3) Any person whose operating privilege is suspended under the provisions of this section shall have the same right of appeal as provided for in cases of suspension for other reasons.

* * *

75 Pa.C.S. § 1547(a), (b).

findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Commonwealth, Department of Transportation, Bureau of Driver Licensing v. Boucher*, 547 Pa. 440, 691 A.2d 450 (1997). Questions of credibility are for the trial court to resolve. *Id.*

■ Before we examine the issue of whether the officer had reasonable grounds to believe that Appellant was in actual physical control of his vehicle while under the influence of alcohol, we must first address DOT's contention that there is no reasonable grounds requirement in a refusal/suspension case. DOT asserts that while reasonable grounds are relevant in determining whether chemical test results are admissible in a criminal prosecution, they are not a consideration in determining whether a licensee's operating privileges were properly suspended for refusing chemical testing. DOT argues that section 1547(b) only requires that it demonstrate that the motorist was arrested for driving under the influence of alcohol, was asked to submit to chemical testing and refused. It relies on cases where we held that because the suspension proceeding focuses solely on the refusal to submit to chemical testing after being taken into custody, the legality of the arrest for the underlying criminal offense is irrelevant. *Glass v. Commonwealth, Department of Transportation, Bureau of Traffic Safety*, 460 Pa. 362, 333 A.2d 768 (1975); *Commonwealth of Pennsylvania, Department of Transportation v. Wysocki*, 517 Pa. 175, 535 A.2d 77 (1987).

DOT's contentions are refuted by the very case upon which it relies. In *Wysocki*, our Court held that the term "arrest" in section 1547(b) merely referred to the physical act of arrest, rather than to a lawful arrest. Thus the licensee's operating privileges could be suspended for refusing chemical testing even though the initial stop of his vehicle did not comport with constitutional mandates. We based our decision on the fact that a driver's guilt or innocence of a criminal offense is not at issue in the license suspension proceeding. We recognized, however, that the plain language of the statute required that the request for chemical testing be supported by reasonable

grounds for the officer to have believed the licensee was operating the vehicle while under the influence of alcohol. We stated:

> The conclusion that the illegality of the initial detention does not in and of itself preclude the suspension of the operating privileges does not end the instant inquiry. Although section 1547 established an "implied consent" on the part of the motorist, subsection (a)(1) authorizes a request for a breathalyzer test only "if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle: (1) while under the influence of alcohol ..." Thus, although the fact that the initial stop may have been improper would not necessarily prevent a suspension of license where there was a subsequent refusal to submit to a breathalyzer test, such a suspension will not be allowed if the officer's request was not supported by reasonable grounds for the officer to have believed that the person was under the influence of alcohol.

*Id.* at 180–181, 535 A.2d at 79–80.

■ The above discussion illustrates that the implied consent provisions should be read in their entirety when determining the requisites for suspension of operating privileges. The reasonable grounds requirement set forth in the general rule in subsection (a) of section 1547 is clearly a consideration in a refusal/suspension case. Accordingly, as set forth in numerous decisions of the Commonwealth Court, to sustain a suspension of operating privileges under section 1547, DOT must establish that the licensee: (1) was arrested for driving under the influence by a police officer who had reasonable grounds to believe that the licensee was operating or was in actual physical control of the movement of the vehicle while under influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was warned that refusal might result in a license suspension. *See Finney v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing,* 721 A.2d 420, 423 (Pa. Cmwlth.1998); *Gasper v. Commonwealth of Pennsylvania,*

*Department of Transportation, Bureau of Driver Licensing,* 674 A.2d 1200, 1202 (Pa.Cmwlth.1996); *Kanousky v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing,* 655 A.2d 1061, 1062 (Pa.Cmwlth. 1995); *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. Paige,* 156 Pa.Cmwlth. 600, 628 A.2d 917, 919 (1993); *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. McGrath,* 151 Pa.Cmwlth. 1, 617 A.2d 400, 402 (1992); *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. Weichey,* 143 Pa.Cmwlth. 19, 598 A.2d 575, 577 (1991); *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. Cavanaugh,* 115 Pa.Cmwlth. 397, 540 A.2d 340, 341 (1988).[3]

Having determined that reasonable grounds are required, we must next determine whether DOT satisfied its burden of proof in this regard. The standard of reasonable grounds to support a license suspension does not rise to the level of probable cause required for a criminal prosecution. *Vinansky v. Department of Transportation, Bureau of Driver Licensing,* 665 A.2d 860 (Pa.Cmwlth.1995). Reasonable grounds exist when a person in the position of the police officer, viewing the facts and circumstances as they appeared at the time, could have concluded that the motorist was operating the vehicle while under the influence of intoxicating liquor. *DiPaolo v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing,* 700 A.2d 569 (Pa.Cmwlth.1997). In determining whether an officer had reasonable grounds to believe that a motorist was in

**3.** We recognize that our Court has not consistently included the "reasonable grounds" language in the discussion of the elements necessary to sustain a license suspension under section 1547(b). *See Todd v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing,* 555 Pa. 193, 723 A.2d 655 (1999); *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. Boucher,* 547 Pa. 440, 691 A.2d 450 (1997). These cases, however, did not involve challenges to an officer's reasonable grounds for requesting submission to chemical testing and therefore cannot be read to alter a well-settled rule of law.

"actual physical control" of a vehicle, the court must consider the totality of the circumstances, including the location of the vehicle, whether the engine was running and whether there was other evidence indicating that the motorist had driven the vehicle at some point prior to the arrival of the police. *Commonwealth v. Wolen,* 546 Pa. 448, 450, 685 A.2d 1384, 1385 (1996).[4] Whether reasonable grounds exist is a question of law reviewable by the court on a case by case basis. *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. Malizio,* 152 Pa.Cmwlth. 57, 618 A.2d 1091 (1992).

■ Appellant contends that a reasonable person in the position of the police officer would have merely concluded that he was sleeping in his vehicle, rather than in actual physical control of its movement.[5] As noted, the officer discovered Appellant around 4:00 a.m. asleep in the reclined passenger seat of his car along side a rural road with the keys in the ignition. The lights, engine and ignition were off. Appellant contends that in cases where an officer was found to have reasonable grounds to believe that the licensee was operating the vehicle while under the influence of alcohol, the vehicle was either positioned on the traveled portion of the roadway or the lights, ignition or motor were on. He argues that in the instant case, there was no indication that he had recently driven the vehicle. Appellant further submits that his reaching for the keys upon the officer's tapping on the window cannot be viewed as operating the vehicle as he merely intended to activate the car's power windows.

Viewing the totality of the circumstances, we hold that the information available to the officer prior to his request for chemical testing falls short of the minimum required evidence to support a finding of reasonable grounds. A review of the

---

**4.** Although *Wolen* involved a criminal prosecution for driving under the influence, we find that the definition of "actual physical control" employed therein reflects the same factors considered in cases involving license suspensions.

**5.** Appellant concedes that he was intoxicated when the officer approached his vehicle.

relevant case law indicates that at the very least, there must be some objective evidence that the motorist exercised control over the movement of the vehicle at the time he was intoxicated. In *Vinansky v. Department of Transportation, Bureau of Driver Licensing*, 665 A.2d 860 (Pa.Cmwlth.1995), actual physical control was found where the licensee was discovered slumped over the steering wheel of a truck parked in a parking lot behind a fire department social hall. The vehicle's engine was running and its brake lights were on. In *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. Paige*, 156 Pa.Cmwlth. 600, 628 A.2d 917 (1993), actual physical control was found where the licensee was asleep, slumped over the steering wheel with the key in the ignition. The vehicle was parked on a city street with its parking lights on. The officer in *Polinsky v. Commonwealth of Pennsylvania, Department of Transportation*, 131 Pa.Cmwlth. 83, 569 A.2d 425 (1990), was found to have had reasonable grounds to believe that the licensee was in actual physical control of the vehicle when she was found asleep behind the wheel of her vehicle, parked adjacent to a fast food restaurant pick-up window. The headlights of the car were on and the standard transmission was in gear, although the engine was not running. Similarly, actual physical control was found in *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety v. Farner*, 90 Pa. Cmwlth. 201, 494 A.2d 513 (1985). There, the licensee was found behind the wheel of his truck, parked in a traffic lane with his hands on the steering wheel. The licensee had started the engine and activated the brake lights, but had left the transmission in "park" and did not cause the vehicle to move.

Unlike the aforementioned cases, Appellant was found asleep in the reclined passenger seat with the lights, ignition and engine off. The only evidence tending to establish Appellant's control over the vehicle's movement is the location of the car parked safely alongside a rural road near a convenience store. We find that this is simply too tenuous of a connection to afford the officer reasonable grounds to have believed that

Appellant was in *actual physical control* of the movement of the vehicle while intoxicated.[6] We further conclude that Appellant's reaching for the keys left in the ignition merely demonstrated his need to activate the power windows in order to hear the officer's directives. A line must be drawn to distinguish circumstances where a motorist is driving his vehicle while under the influence of alcohol, which the statute is intended to prevent, and circumstances where a motorist is physically present in a motor vehicle after becoming intoxicated. This case demonstrates the latter.

Accordingly, the order of the Commonwealth Court is reversed.

**6.** We reject DOT's contention that Appellant had to have driven the car while intoxicated to have reached the location where the vehicle was found. Such a conclusion requires the officer, without ever observing the car in motion or any other indication that Appellant had recently driven the car, to assume that Appellant operated the vehicle, that he was intoxicated at that time and that no one else drove the vehicle or Appellant to the road near the convenience store where the car was parked.