**Timothy A. HEFFNER, Petitioner**

v.

**PENNSYLVANIA FISH AND BOAT COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 9, 2006.

Decided June 2, 2006.

John Elash, Pittsburgh, for petitioner.

Jason E. Oyler, Asst. Counsel, Harrisburg, for respondent.

BEFORE: FRIEDMAN, Judge, and SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Timothy A. Heffner (Heffner) petitions for review of the July 19, 2005, order of the Pennsylvania Fish and Boat Commission (Commission), which suspended Heffner's boating privileges for one year for his refusal to submit to chemical testing. We affirm.

On August 1, 2003, Officer Sean Sauserman cited Heffner for boating under the influence (BUI). Subsequently, Officer Sauserman recommended a one-year revocation of Heffner's boating privileges for Heffner's refusal to submit to chemical testing. On January 14, 2004, the Director of the Bureau of Law Enforcement issued an Order to Show Cause why Heffner's boating privileges should not be revoked.

On February 9, 2004, Heffner filed an answer and requested a hearing.

At the September 29, 2004, hearing, the Commission presented the following testimony of Officer Sauserman. On August 1, 2003, Officer Sauserman was patrolling the Allegheny River near PNC Park in a marked patrol vessel with Assistant Regional Supervisor Greg Jacobs and Deputy Waterways Conservation Officer Timothy Hornak. At approximately 11:55 p.m., Officer Sauserman observed a motor boat operating without the port light on. Officer Sauserman radioed Officer Lawrence Furlong, who was observing from the shore, and all of the officers identified the operator of the motor boat as Heffner.[1] (Findings of Fact, Nos. 1–2.)

Officer Sauserman approached Heffner's boat and asked for Heffner's registration card. As the officers were attempting to board Heffner's boat, Heffner stated that they were going to hit the bridge. Heffner immediately ran to the "flying bridge" and, without warning, put the boat into full throttle, causing the boat to travel up the river a short distance. (Findings of Fact, No. 3.)

After the marked patrol vessel caught up with Heffner's boat, Officer Sauserman again began the boarding process. Officer Sauserman then detected an odor of an alcoholic beverage on Heffner. Officer Sauserman placed Heffner on the patrol boat and asked him to complete field coordination tests. At approximately 12:12 a.m., Heffner performed a pre-arrest blood alcohol test, which revealed that Heffner's blood alcohol content (BAC) was 0.14. The officers then placed Heffner under arrest and transported him to Pittsburgh Special Deployment Division, where they advised Heffner of the chemical test warnings.[2] Heffner refused to submit to the test, claiming that he was not operating the boat. (Findings of Fact, Nos. 4–6.)

Heffner testified on his own behalf and presented the testimony of Mark Gentile. Gentile testified that *he,* not Heffner, was operating the boat on the date and at the time in question. However, Gentile conceded that Heffner was operating the boat when the boat moved away from the patrol vessel during the initial boarding attempt. Heffner testified that: (1) there was a very strong current on the date in question; (2) the boat was within 200 yards of a bridge pier and was drifting quickly; and (3) he correctly completed all of the coordination tests given to him while sitting on a boat in a rocky river. (Findings of Fact, Nos. 8–10.)

After the hearing, the presiding officer issued a recommendation and proposed order. The presiding officer concluded that Heffner was the operator of the boat and that Heffner refused to submit to chemical testing. Therefore, the presiding officer recommended the suspension of Heffner's boating privileges for one year.[3] Heffner

---

1. Officer Furlong corroborated this testimony, stating that he received a radio call asking if he could visually identify the operator of a boat that Officer Sauserman was pursuing. Officer Furlong described to Officer Sauserman the clothing worn by the operator. Later, when Heffner handed his registration cards to Officer Sauserman, Officer Furlong radioed Officer Sauserman to tell him that he was dealing with the operator of the boat. (Findings of Fact, No. 7.)

2. Heffner was charged with violating section 5502 of the Fish and Boat Code (Code), 30 Pa.C.S. § 5502, which provides that no person shall *operate or be in actual physical control of the movement of a watercraft upon, in or through the waters of this Commonwealth while under the influence of alcohol, or while the amount of alcohol in the blood is 0.10% or greater.*

3. If any person placed under arrest for operating watercraft under the influence of alcohol is requested to submit to chemical testing

filed exceptions, but, on July 19, 2005, the Commission approved the proposed report and suspended Heffner's boating privileges for one year. Heffner now petitions this court for review.[4]

■ Heffner argues that the Commission erred in concluding that the officers had reasonable grounds to believe Heffner was operating the boat while under the influence of alcohol.[5] We disagree.

Any person who operates or is in actual physical control of the movement of a watercraft upon, in or through the waters of this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood *if* the waterways patrolman has **reasonable grounds to believe** the person has been operating or in actual physical control of the movement of a watercraft while under the influence of alcohol. Section 5125(a) of the Fish and Boat Code, 30 Pa.C.S. § 5125(a).

■ The standard of reasonable grounds does not rise to the level of probable cause required for a criminal prosecution. *Banner v. Department of Transportation*, 558 Pa. 439, 737 A.2d 1203 (1999). Reasonable grounds exist when a person in the position of the officer, viewing the facts and circumstances as they appeared at the time, could have concluded that the individual was operating the boat while under the influence of alcohol. *Id.* In determining whether an officer had reasonable grounds to believe that an individual was in actual physical control of a boat, the court must consider the totality of the circumstances. *Id.* There must be some objective evidence that the individual exercised control over the movement of the boat at the time he was intoxicated. *Id.*

Here, the Commission found that all of the officers identified Heffner as the operator of the boat. Officer Furlong could see the operator of the boat from the shore, and, in a radio communication with Officer Sauserman, he described the clothing worn by the operator. Officer Furlong informed Officer Sauserman that the operator was wearing "a white polo, pin-striped shirt." (R.R. at 66.) Officer Furlong testified, "From the angle I was looking, I could see who was operating the boat." (R.R. at 69.) Officer Furlong stated that Heffner was the only person having direct physical contact with the boat's controls and that one of Heffner's hands was on the steering wheel. (R.R. at 69.) Officer Furlong's ability to observe the operator of the boat and the clothing worn by him gave the officers reasonable grounds to believe that Heffner was the operator of the boat.[6]

Heffner also argues that the officers lacked reasonable grounds to believe that Heffner was under the influence of alcohol.

---

and refuses to do so, the Commission shall suspend the boating privileges of the person for a period of twelve months. Section 5125(b)(1) of the Code, 30 Pa.C.S. § 5125(b)(1).

4. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

5. Whether reasonable grounds exist is a question of law reviewable by a court on a case by case basis. *Banner v. Department of Transportation*, 558 Pa. 439, 737 A.2d 1203 (1999).

6. Heffner concedes that Officer Furlong identified Heffner as the boat's operator. However, Heffner argues that Officer Furlong's testimony is suspect because it was night time and because Officer Furlong was 150 yards away. However, the Commission accepted Officer Furlong's testimony that he was able to see the operator of the boat and the clothing that he wore. In our appellate role, we may not disturb that credibility determination.

However, Officer Sauserman credibly testified that he detected the odor of an alcoholic beverage on Heffner and that a pre-arrest blood alcohol test showed that Heffner's blood alcohol level was 0.14. Such testimony constitutes reasonable grounds to believe that Heffner was operating the boat under the influence of alcohol.[7]

Accordingly, we affirm.

## ORDER

AND NOW, this 2nd day of June, 2006, the order of the Pennsylvania Fish and Boat Commission, dated July 19, 2005, is hereby affirmed.

Judge McGINLEY did not participate in the decision in this case.

---

7. Heffner points out that Officer Sauserman filed a report showing that Heffner's blood alcohol content was 0.014, but Officer Sauserman credibly testified that this was a typographical error. (R.R. at 60.) Heffner also points out that he passed the field coordination test requiring him to count backwards from seventy-two to fifty-seven and that he failed the finger-touch test and the finger-to-nose test because the patrol boat was rocking in a river with a strong current. However, Officer Sauserman credibly testified that a rocking boat would not impede those tests. (R.R. at 57.)