**Quinn v. Dep't of Transportation**

*David H. Conroy,* for plaintiff.
*Marc A. Werlinsky,* for Commonwealth.

BLASI, *J.,* December 15, 2010—Following an official notice of suspension of driving privileges from the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing ("PennDOT"), the petitioner, Daniel Quinn, appealed to this court which held a de novo hearing on August 18, 2010. Thereafter, this court entered an order granting petitioner's appeal of his operating privilege suspension and rescinded the order of PennDOT dated September 8, 2009. PennDOT

filed this timely appeal to the Commonwealth Court.

On appeal, PennDOT complains of the following matters:

1. The trial court erred in sustaining Quinn's appeal where the department met its burden of proving a valid suspension pursuant to 75 Pa.C.S. § 1547 based upon his refusal to submit to chemical testing after being arrested by a police officer who had reasonable grounds to believe he violated 75 Pa. C.S. § 3802 and advised of the implied consent law, and where Quinn failed to present a valid defense.

2. The trial court erred in prohibiting the department's police officer witness from testifying as to statements made to him by a witness who had observed Quinn operating his vehicle and leaving the scene, as such statements are admissible for the purpose of proving the officer's state of mind in establishing the reasonableness of his belief that Quinn violated § 3802 and was not being offered to prove his truth. *Spera v. Department of Transportation, Bureau of Driver Licensing*, 817 A.2d 1236 (Pa. Cmwlth.), appeal denied, 841 A.2d 534 (Pa. 2003); *Duffy v. Department of Transportation, Bureau of Driver Licensing*, 696 A.2d 6 (Pa. Cmwlth. 1997).

3. The department cannot be certain of any other reasoning used by the trial court in reaching its decision and respectfully requests that it be permitted to argue in its appellate brief any other issue that may be raised in the court's opinion.

The standard of review in a license suspension case

is to determine whether the factual findings of this court are supported by competent evidence and whether this court committed an error of law or an abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Boucher*, 547 Pa. 440, 691 A.2d 450 (Pa. 1997).

Section 1547 of the vehicle code entitled "chemical testing to determine amount of alcohol or controller substance," provides in pertinent part:

(a) General Rule. - Any person who drives, operates or is in actual physical control of the movement of a vehicle in this commonwealth shall be deemed to have given consent to one or more chemical tests or breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle...(1) in violation of section...3802 (relating to driving under the influence of alcohol or controlled substance).

(b) Suspension for refusal. -- (1) If any person placed under arrest for a violation of section 3802 is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person as follows...for a period of 12 months...(2) It shall be the duty of the police officer to inform the person that: (i) the person's operating privilege will be suspended upon refusal to

submit to chemical testing; and...75 Pa. C.S. Section 1547 (a), (b).

It is well established that in order to sustain a suspension of operating privileges the licensee: (1) was arrested for driving under the influence by a police officer who had reasonable grounds to believe that the licensee was operating or was in actual physical control of the movement of the vehicle while under the influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was warned that refusal might result in a license suspension. *Banner v. Department of Transportation, Bureau of Driver Licensing*, 558 Pa. 439, 737 A.2d 1203 (Pa. 1999). This court based its decision on prongs 1, 2 and 3 as listed above.

As was stated previously, PennDOT must as a threshold matter establish that the arresting police officer had reasonable grounds to believe that the petitioner operated or physically controlled the vehicle's movement while under the influence of alcohol. This court must consider the totality of circumstances and determine as a matter of law whether a person in the position of the arresting officer could have reasonably reached this conclusion. *Banner v. Department of Transportation, Bureau of Driver Licensing*, 737 A.2d 1203, 1207 (Pa. 1999).

The testimony in the instant case on the issue of reasonable grounds began the with the testimony of Officer Soroka, who was the arresting officer. PennDOT on direct started its questioning as follows:

Q. Okay, I see. And were you on duty Thursday, August 20, 2009?

A. That's correct.

Q. And in the early morning hours of that date, did you have occasion to encounter the petitioner, Mr. Quinn?

A. I did.

Q. And how did you come to encounter Mr. Quinn?

A. I received a radio call for an accident at 2nd and - South 2nd and Fitzgerald Street, at which time, I found vehicles that were damaged, and one of the vehicles that was damaged was blocking Fitzgerald Street out of the running lane of 2nd Street, and I had witnesses tell me that -- (N.T. - @ 5-6).

At this point petitioner made an objection stating his reasons that what was to be stated by the officer was hearsay which the court "sustained." PennDOT argues that what the officer would have testified to was admissible under "state of mind" exception to the hearsay rule.

It has long been held that "questions concerned with the admission or exclusion of evidence are within the sound discretion of the trial court." *Lewis v. Mellor*, 393 A.2d 941 (Pa. Super. 1978). Further a court's evidentiary rulings must be guided by well-established principle in this commonwealth that "nothing is more adamantly established in American trial procedure that no one may testify to what somebody else told him [/her]." *Gunter v. Constitution State Service Company*, 638 A.2d 233 (Pa. Super. 1994) allocator denied, 652 A.2d 1324 (1994). Hearsay is an out-of-court statement offered into evidence to prove the truth of the matter asserted.

*Heddings v. Steele*, 514 Pa. 569, 526 A.2d 349 (Pa. 1987).

In *McCullough v. Department of Transportation, Burear of Driver Licensing*, 645 A.2d 378 (Pa. Cmwlth. 1994), the Commonwealth Court states as follows: "[T]he trial judge in these license suspension cases does not sit as an automaton required to accept as credible everything to which an arresting officer testifies on the stand. He is the fact-finder and is free to accept or reject testimony in whole or in part subject only to review by this court for an abuse of discretion." 645 A.2d at 380, 381.

Furthermore, the testimony of Officer Soroka is that he did not observe petitioner in the vehicle at any time. After the officer ran the license plate through DMV he became aware of the car's owner. The officer had to wait for additional officiers to arrive on the scene before he could proceed to the petitioner's home. When the officer encountered the petitioner in his home he was cooperative and willingly accompanied the officer to the scene. It was further testified by the officer that he did not arrest the petitioner until they arrived back at 2nd and Fitzgerald Streets. PennDOT did not establish a timeframe between the time of the accident and the time when Officer Soroka determined that petitioner was intoxicated. In addition, there was no testimony that there was any identification as to the owner of the vehicle being the driver at the time of the accident. Officer Soroka simply ran the license plate and arrested the registered owner of the vehicle. This court felt that there was no collaboration at all that the owner of the vehicle was in fact driving.

Despite the testimony of Officer Soroka and petitioner's application to dismiss this matter, the court allowed PennDOT to proceed with its evidence of the petitioner's alleged refusal. It did not preclude PennDOT from presenting said evidence.

Rather than calling the AID officer to testify about the warnings that was to be read to the petitioner, PennDOT called Officer Keo who transported petitioner to the AID. Officer Keo testified that "we were waiting. AID, at one point, read the warnings. I don't know exactly what — which warning was read, but it was some type of warning —." (N.T. @22-23). Additionally, when asked if the AID officer read from Exhibit C-1 the officer stated "I can't recall which form was read. I know it was some type of warning read." (N.T. @24) It is important to note that any reference to Exhibit C-1 and C-2 in the notes of testimony obviously were marked by someone, but were never entered into evidence by PennDOT. In fact, Officer Keo testified, when asked about Exhibit C-2, "I don't recall this form." (N.T. @24) This court is unaware what Exhibits C-1 and C-2 contained since they were never offered or moved into evidence by PennDOT.

There also was no testimony from Officer Keo that petitioner was kept under observation by himself or the AID officer on duty for at least 20 consecutive minutes prior to administration of a breath test as required by the department's regulation, 67 Pa. Code Section 77.24(a).

An officer's sole duty is to inform motorists of the implied consent warnings. Once they have done so, they have satisfied their obligation. *Department of*

*Transportation, Bureau of Driver Licensing, v. Scott,* 546 Pa. 241, 684 A.2d 539 (1996). In *Scott,* the Supreme Court of Pennsylvania further held that "whenever a motorist has been requested to submit to chemical sobriety testing, the motorist must be provided *O'Connoll* warnings regardless of whether *Miranda* warnings have been given...." 684 A.2d at 545,546. This court is aware that *Miranda* warnings do not apply to chemical testing, but it cannot conjecture or surmise when an officer states that warnings were read to petitioner, which warnings were actually read. This court finds that PennDOT did not meet prongs two (2) and four (4) of *Banner* subject to the penalties provided in 75 Pa. C.S.A. § 3804(c) (relating to test) and did not meet its burden of proof.

This court also based its finding in favor of petitioner on the conclusion that PennDOT did not present credible evidence that petitioner was requested to submit to a breathalyzer and that he was informed of the consequences of refusing. Police officers are required by 75 Pa. C.S. § 1547(b)(2) to warn motorist who are arrested for DUI and who are requested to submit to chemical testing of the consequences of refusing to submit to such testing. Specifically, the police officer is required to warn the motorist that: (1) the operating privileges will be suspended if chemical testing is refused; and (2) that, upon conviction, plea or adjudication of delinquency for violating 75 Pa. C.S.A. § 3802 (a), the motorist will be subject to the penalties provided in 75 Pa. C.S.A. § 3804(c) (relating to penalties). 75 Pa. C.S. § 1547(i),(ii).

Therefore, the court did not commit an error of law or a manifest abuse of discretion when it determined the

facts were supported by competent evidence and then properly applied the law. Accordingly, this court's decision granting the petitioner's appeal and rescinding the license suspension should be affirmed.