J-S60024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATHEN KERSTETTER | |
| Appellant | No. 2114 MDA 2013 |

Appeal from the Judgment of Sentence entered November 4, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No: CP-14-CR-0829-2012

BEFORE:  OTT, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                **FILED JANUARY 12, 2015**

Appellant, Nathen Kerstetter, appeals from the November 4, 2014 judgment of sentence imposing five years of intermediate punishment for driving under the influence (75 Pa.C.S.A. § 3802(d)(1)(i)) and consecutive one year sentences for possession of a controlled substance (35 Pa.C.S.A. § 780-113(a)(16)) and possession of drug paraphernalia (35 Pa.C.S.A. § 780-113(a)(32)).  We affirm.

On October 25, 2011 at approximately 12:10 p.m., William Bain ("Bain"), an employee of Remodeler's Workshop in Centre County, Pennsylvania observed Appellant sitting in his pickup truck in the store's parking lot.  N.T. Trial, 9/3/13, at 3-4.  Appellant's vehicle was not parked within a marked parking spot.  *Id.*  Appellant was holding his head and appeared to be in distress, so Bain approached Appellant's vehicle and asked

Appellant if he needed help. *Id.* at 4. Appellant did not respond immediately, but eventually stated that he needed help. *Id.* at 4-5. Appellant opened the door to his truck and vomited. *Id.* at 5. Bain testified that Appellant's vehicle had been in the parking lot for only a short time, as Bain heard Appellant's vehicle arrive thirty to forty-five seconds after another vehicle departed. *Id.* at 4, 8. Bain was able to hear Appellant's vehicle arrive because of loud music emanating from the vehicle. *Id.* at 7-8.

Trooper Mathias G. Schmotzer ("Schmotzer"), the first police officer to arrive at the scene, testified that Appellant was on a gurney when Schmotzer arrived, in preparation for transport by ambulance to a hospital. *Id.* at 11. Schmotzer observed Appellant crying, vomiting and expressing fear of imminent death. *Id.* Schmotzer noticed a "moderate" odor of alcohol on Appellant. *Id.* at 13. Appellant's speech was slurred and his eyes were bloodshot. *Id.* at 14. Appellant told Schmotzer he was sick because he drank some beer and smoked some "Mr. Nice Guy:"

> Q. When you were speaking to [Appellant], did he tell you – I believe you already testified, did he tell you specifically what he had taken?
>
> A. I can't remember. Without looking at my report, I can't remember. He said he either took Mr. Nice Guy or bath salts and had drank beer. **He said he got sick and pulled into the parking lot.** And I asked, "Well, what are you sick from?" and that's when he said that he drank some beer and either took or smoked Mr. Nice Guy or bath salts or something like that, something of that nature. I'm not sure the wording of it, though.

*Id.* at 15 (emphasis added).

Schmotzer testified that Appellant's truck keys were in the truck's ignition, and that the truck was not parked within a marked parking spot. *Id.* at 18. Rather, it was parked perpendicular to the marked parking stalls. *Id.* at 19. The engine was not running. *Id.* at 24. A search of the vehicle revealed several open and closed packets of synthetic marijuana. *Id.* at 19. Police also recovered a smoking pipe. *Id.* at 28-29. The parties stipulated that residue from the smoking pipe and packages tested positive for AM 2201, commonly known as synthetic marijuana or bath salts, which is an analogue of JWH-019, a schedule 1 controlled substance. *Id.* at 33-34. Appellant consented to a blood draw. *Id.* at 17. His blood tested positive for AM-2201. *Id.* at 18.

Appellant testified in his own defense. Appellant claimed he packed the pipe and smoked it after he pulled into the Remodeler's Workshop parking lot and turned his keys to the accessory position. *Id.* at 36. Appellant testified he had an immediate adverse reaction to the substance. *Id.* at 36-37. Appellant testified he became very ill within thirty seconds of smoking the Mr. Nice Guy. *Id.* at 37. He also testified that it took him twenty seconds to pack the substance into the smoking pipe. *Id.* Appellant claimed he never smoked synthetic marijuana before and was unaware of its effects. *Id.* at 38. Appellant purchased the synthetic marijuana at an establishment called Dragon Chaser in State College, Pennsylvania. *Id.* at 15.

At the conclusion of the September 3, 2013 nonjury trial, the court found Appellant guilty of the aforementioned offenses. In this timely appeal, he argues the Commonwealth produced insufficient evidence to support his DUI conviction.[1] Specifically, Appellant argues the record does not contain sufficient evidence that he was in actual physical control of his vehicle after he became intoxicated.[2] He argues that the record does not contain sufficient evidence to support an inference that he was intoxicated before he stopped his car in the Remodeler's Workshop parking lot.

Our standard of review is well-settled:

_____

[1] Appellant has abandoned his challenge to the trial court's denial of his pre-trial motion to suppress evidence. Appellant's Brief at 18-19.

[2] Section 3802(d) provides as follows:

**§ 3802. Driving under influence of alcohol or controlled substance.**

[. . .]

(d) Controlled substances. --An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

(1) There is in the individual's blood any amount of a:

(i) Schedule I controlled substance, as defined in the act of April 14, 1972 (P.L.233, No.64), known as The Controlled Substance, Drug, Device and Cosmetic Act;

75 Pa.C.S.A. § 3802(d)(1)(i).

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Thompson*, 93 A.3d 478, 489 (Pa. Super. 2014).

In his brief, Appellant cites several cases delineating the circumstances under which a defendant is, or is not, in actual physical control of a vehicle. In *Commonwealth v. Toland*, 995 A.2d 1242 (Pa. Super. 2010), for example, this Court found sufficient evidence where the defendant was asleep in the driver's seat of a running vehicle and had a cold, unopened six pack of beer in the car. *Id.* at 1246. In other words, those facts sufficiently supported an inference that the defendant was in actual physical control of the vehicle. Appellant also cites *Banner v. Commonwealth of Pennsylvania Dep't of Transp.*, 737 A.2d 1203 (Pa. 1999), in which the defendant was sleeping in a passenger seat of a car parked alongside a road. *Id.* at 1204. The keys were in the ignition but the car was not running. *Id.* Our Supreme Court held that the arresting officer lacked

reasonable grounds to believe the defendant was in actual physical control of the vehicle. *Id.* at 1207.[3]

We believe these cases are largely inapposite here. Appellant does not dispute that he drove his pickup truck into the Remodeler's Workshop parking lot. Rather, he claims he was sober when he drove into the parking lot and ingested the synthetic marijuana afterward. He also claims the synthetic marijuana immediately made him ill. We must discern whether the record supports the trial court's finding that Appellant was intoxicated before he parked his car in the Remodeler's Workshop Parking lot. In this regard, the trial court found:

> Appellant testified he did not consume the synthetic marijuana until after he had pulled into the parking lot of Remodeler's Workshop. This Court, however, did not find Appellant's testimony to be credible. Appellant testified he pulled into the parking lot, parked his vehicle, turned his keys to 'accessory mode', opened the package of synthetic marijuana, prepared the pipe, lit the pipe, took three hits of synthetic marijuana, and almost immediately thereafter became violently

_____

[3] As **Banner** involved a license suspension, the Supreme Court did not apply the sufficiency of the evidence standard of review quoted in the main text. The **Banner** Court did not analyze whether the record contained sufficient evidence to establish beyond a reasonable doubt that the defendant was in actual physical control of the vehicle. Rather, the Court determined "whether the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or abuse of discretion." *Id.* at 1205. Likewise, the Court analyzed whether the arresting police officer had probable cause to conclude that the defendant was in actual physical control of the vehicle. *Id.* at 1207. Given our conclusions in the main text that Appellant actually drove the vehicle while under the influence of synthetic marijuana, the distinctions between **Banner** and the instant case do not affect our result.

ill. If this Court were to believe Appellant's testimony, these actions all would have had to have taken place in the approximately 45-60 seconds during which [Bain] observed Appellant in his vehicle, as [Bain] noticed Appellant's vehicle immediately after it parked across the spaces in the lot and testified he watched Appellant for 45-60 seconds before deciding to offer assistance to Appellant. This Court did not find Appellant's testimony credible and therefore relied on the credible testimony of both [Bain] and Trooper Schmotzer to conclude beyond a reasonable doubt that Appellant pulled into the parking lot of Remodeler's Workshop because he became ill from smoking the synthetic marijuana prior to or while driving.

Trial Court Opinion, 1/8/14, at 4.

In summary, the trial court found Schmotzer and Bain credible and determined that their testimony provided sufficient evidence to convict Appellant. The trial court found Appellant's version of events not credible. Drawing inferences in favor of the Commonwealth, as we must, we conclude that the record contains sufficient circumstantial evidence that Appellant was intoxicated before he parked at the Remodeler's Workshop. In light of this conclusion, we need not analyze whether Appellant remained in actual physical control of his vehicle after he parked it and turned the key to the accessory position.

We further reject Appellant's argument that the doctrine of mutually exclusive inferences applies here because the record equally supports two inferences, one being that he was intoxicated prior to arriving at Remodeler's Workshop and the other that he became intoxicated afterward. *See Commonwealth v. Crompton*, 682 A.2d 286, 289 (Pa. 1996) ("[W]hen a party on whom the burden of proof rests, in either a civil or

criminal case, offers evidence consistent with two opposing propositions, he proves neither."). In **Crompton**, the Commonwealth produced a single police officer to testify about the execution of a search warrant. **Id.** at 288-89. On cross-examination, the officer rendered an account of his actions that directly contradicted his direct testimony. **Id.** at 289. Viewed in isolation, either account would have triggered an exception to the knock and announce rule. **Id.** Viewed as a whole, however, the officer's testimony gave rise to two mutually exclusive possibilities. **Id.** Since the officer was the Commonwealth's sole witness, his testimony was insufficient to prove either. **Id.**

**Crompton** is inapposite. Here, unlike **Crompton**, the Commonwealth produced several witnesses and physical evidence supporting its case. The trial court found Appellant's testimony – that he loaded the pipe, smoked it, and became dangerously intoxicated **after** he parked his truck – lacking in credibility. Since no evidence other than Appellant's testimony supported Appellant's account of events, and since the Commonwealth offered consistent evidence from several sources, the doctrine of mutually exclusive inferences is inapplicable here. In asking us to deem that evidence insufficient on appeal, Appellant is asking us to draw an inference against the Commonwealth. Our standard of review expressly forbids that action, and we therefore conclude that Appellant's argument does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/12/2015</u>