IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Edward Stewart,                    :
                 Appellant                :
                                         :
        v.                            :
                                         :
Commonwealth of Pennsylvania,             :
Department of Transportation,             :   No. 359 C.D. 2022
Bureau of Driver Licensing                :   Submitted: November 8, 2024


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                  FILED:  January 27, 2025

         Robert Edward Stewart (Licensee) appeals from the Allegheny County Common Pleas Court's (trial court) March 17, 2022 order dismissing his appeal from the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing's (DOT) 12-month suspension of his driving privileges pursuant to Section 1547 of the Vehicle Code.[1]  Licensee presents two issues for this Court's review: (1) whether the trial court erred by holding that Mount Lebanon Police Corporal Mike Shell (Corporal Shell) had reasonable grounds to request Licensee undergo a chemical test; and (2) whether the trial court erred by relying on hearsay as substantive evidence of Corporal Shell's reasonable grounds to believe Licensee

---

[1] 75 Pa.C.S. § 1547.  Section 1547(b) of the Vehicle Code is commonly known as the Implied Consent Law.

was driving while under the influence of alcohol (DUI). After review, this Court reverses.

On August 1, 2021, at approximately 1:04 a.m., Corporal Shell responded to a report of an individual sleeping in a pickup truck in the Primanti Brothers' parking lot. Corporal Shell found Licensee sleeping in the front seat of a truck with keys in the ignition, the engine running, and the headlights on. Upon waking Licensee, Corporal Shell observed that Licensee had slurred speech, bloodshot, glassy eyes, and smelled of alcohol. Licensee admitted to consuming alcohol earlier in the evening. Corporal Shell conducted field sobriety tests and concluded that Licensee had operated his vehicle while intoxicated. Corporal Shell arrested Licensee, placed him in the patrol vehicle, and read him the warnings on the DL-26 Form[2] in its entirety. Licensee refused a chemical blood test.

By August 6, 2021 letter, DOT notified Licensee that it was suspending his operating privilege for one year beginning September 17, 2021, pursuant to Section 1547 of the Vehicle Code.[3] On September 13, 2021, Licensee appealed to the trial court. On March 17, 2022, the trial court held a hearing on Licensee's appeal. Corporal Shell, who appeared on DOT's behalf, was the only witness.

---

[2] DOT promulgated the DL-26 Form, which sets forth the prescribed language of the warning to be given to motorists arrested for DUI about the penalties for refusing chemical tests. Police use the DL-26 Form to comply with the requirements of Section 1547(b) of the Vehicle Code during DUI arrests.

[3] Section 1547(b) of the Vehicle Code provides, in relevant part:

> (1) If any person placed under arrest for a violation of [S]ection 3802 [of the Vehicle Code] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, [**DOT**] **shall suspend the operating privilege of the person** as follows:
>
> > (i) Except as set forth in subparagraph (ii), **for a period of 12 months**.

75 Pa.C.S. § 1547(b) (emphasis added).

Corporal Shell testified that, on August 1, 2021, at approximately 1:04 a.m., he was dispatched to Primanti Brothers for a welfare check on a male sleeping in a truck. *See* Reproduced Record (R.R.) at 16a. Corporal Shell further explained that when he arrived, a Primanti Brothers' employee "[j]ust pointed out a vehicle, a truck where [Licensee] was sleeping inside, [and mentioned] trying to wake him for approximately one hour[,] but he was asleep[,]" so the employee called the police. *Id*. at 20a.

Corporal Shell observed that the truck's engine was running, that Licensee was in the driver's seat leaning back, and that the truck's lights were on.[4] *See id*. at 21a-22a. Corporal Shell recollected that he knocked on the truck door to wake Licensee, but he did not awaken. *See id*. Corporal Shell stated that he opened the truck's unlocked door and observed that it was in park and that the key was in the ignition. *See id*. at 22a. He added that he reached into the truck, removed the keys from the ignition, and placed them on the truck's roof. *See id.* at 22a-23a. He then described that he woke Licensee and observed that his eyes were bloodshot and glassy and he smelled of alcohol. *See id*. at 23a. When asked if he had any conversation with Licensee, Corporal Shell responded: "I just asked him if he was okay[;] I just believe he said he was sleeping." *Id*. at 23a. Corporal Shell recalled Licensee explaining that he had some drinks earlier in the night, *see id*. at 24a; however, Corporal Shell did not remember Licensee stating at what time he had the drinks. *See id*. at 26a. Corporal Shell testified that he thereafter conducted sobriety tests and determined that Licensee was impaired.

When asked to summarize the factors that led him to believe Licensee had driven, operated, or had been in actual physical control of the movement of a vehicle at a time when he was under the influence of alcohol, Corporal Shell stated:

---

[4] Corporal Shell did not observe where Licensee's feet were located. *See* R.R. at 20a.

3

> [Licensee] was asleep inside of a running truck in a public parking lot. He had all the indicators of alcoholic beverage consumption[:] bloodshot, glassy eyes, he had slurred speech, an odor of alcoholic beverage on his breath and person, displayed impaired balance coordination throughout the battery of field sobriety tests and he also submitted to a preliminary breath test which tested positive for the presence of alcohol.

R.R. at 27a.

On cross-examination, Corporal Shell admitted that Licensee was legally parked, Licensee's truck was not damaged, he did not see Licensee pull into the parking lot, and he did not know how long Licensee had been parked there. *See id.* at 33a. Corporal Shell further acknowledged that he never saw Licensee driving, steering, or directing the truck. *See id.* at 34a. He also conceded that did not know if the truck's lights had been automatically activated and he did not observe the headlight switch position. In addition, Corporal Shell confirmed that he did not review Primanti Brothers' surveillance video to determine if or when Licensee left the premises. *See id.* at 36a. Finally, Corporal Shell acknowledged that Licensee never explicitly refused a blood test but, rather, did not affirmatively consent. *See id.* at 40a.

By March 17, 2022 order, the trial court dismissed Licensee's appeal. Licensee appealed to this Court.[5] On April 21, 2022, the trial court ordered Licensee to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). On May 12, 2022, Licensee filed his Rule 1925(b) Statement. On August 11, the trial court issued its opinion pursuant to Rule 1925(a) (Rule 1925(a) Opinion).

---

[5] "Our standard of review is limited to determining whether [the trial court] committed an error of law, whether [the trial court] abused its discretion, or whether the findings of fact are supported by substantial evidence." *Garlick v. Dep't of Transp., Bureau of Driver Licensing*, 176 A.3d 1030, 1035 n.6 (Pa. Cmwlth. 2018).

4

Licensee first contends that the trial court erred by holding that Corporal Shell had reasonable grounds to request a chemical test because DOT did not establish such reasonable grounds. Specifically, Licensee asserts that DOT did not establish that Licensee's vehicle was driven or that Licensee was driving the vehicle while under the influence of alcohol.

Section 1547(a) of the Vehicle Code states:

> **Any person** who drives, operates[,] or is **in actual physical control of the movement of a vehicle** in this Commonwealth **shall be deemed to have given consent to** one or more **chemical tests** of breath or blood for the purpose of determining the alcoholic content of blood or the presence of a controlled substance **if a police officer has reasonable grounds to believe the person to have been driving**, **operating**[,] **or in actual physical control of the movement of a vehicle** in violation of [S]ection 1543(b)(1.1) [of the Vehicle Code, 75 Pa.C.S. § 1543(b)(1.1),] (relating to driving while operating privilege is suspended or revoked), [Section] 3802 [of the Vehicle Code, 75 Pa.C.S. § 3802[6]] (relating to driving

---

[6] Section 3802 of the Vehicle Code states, in pertinent part:

**(a) General impairment.--**

(1) An individual may not drive, operate[,] or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

(2) An individual may not drive, operate[,] or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.08% but less than 0.10% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

**(b) High rate of alcohol.--**An individual may not drive, operate[,] or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10%

under [the] influence of alcohol or controlled substance)[,] or [Section] 3808(a)(2) [of the Vehicle Code, 75 Pa.C.S. § 3808(a)(2)] (relating to illegally operating a motor vehicle not equipped with ignition interlock).

75 Pa.C.S. § 1547(a) (emphasis added).

In *Charko v. Department of Transportation, Bureau of Driver Licensing*, 327 A.3d 362 (Pa. Cmwlth. 2024), this Court addressed a similar factual situation. Therein, DOT suspended a licensee's operating privilege for refusing to submit to chemical testing pursuant to Section 1547 of the Vehicle Code. Police found the licensee asleep in his truck's driver's seat with the radio on, the engine running, and the transmission in park in front of the building where he lived. The licensee smelled of alcohol and had slurred speech and there was an open beer bottle in the truck's center console. The licensee informed the police that he had been drinking at the American Legion and had been driven home. He also stated that his building's heat was not working due to a fire, so he was sleeping in his truck.

The licensee appealed the suspension to the common pleas court, which sustained the appeal, concluding that the police officer lacked reasonable grounds to believe that the licensee had been operating or was in actual physical control of the movement of a vehicle in violation of Section 3802 of the Vehicle Code, when the officer requested that licensee submit to chemical testing. DOT appealed to this Court, which affirmed the common pleas court's order. The *Charko* Court observed:

---

but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

**(c) Highest rate of alcohol.--**An individual may not drive, operate[,] or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802.

Our Supreme Court recently reversed this Court's decision in *Bold v. Department of Transportation, Bureau of Driver Licensing*, 285 A.3d 970 (Pa. Cmwlth. 2022) (*Bold I*), *rev'd*, 320 A.3d 1185 (Pa. 2024) (*Bold II*), thereby clarifying the test for reasonable grounds to apply to motorists who are found in vehicles but not observed driving.

*Charko*, 327 A.3d at 365.

The *Charko* Court explained:

[T]he Supreme Court in *Bold II* confirmed the . . . test for reasonable grounds as set forth in [*Banner v. Department of Transportation, Bureau of Driver Licensing*, 737 A.2d 1203 (Pa. 1999)]:

> **Reasonable grounds exist when a person in the position of the police officer**, **viewing the facts and circumstances as they appeared at the time**, **could have concluded that the motorist was operating the vehicle while under the influence of intoxicating liquor**. **In determining whether an officer had reasonable grounds to believe that a motorist was in "actual physical control" of a vehicle**, **the court must consider the totality of the circumstances**, **including the location of the vehicle**, **whether the engine was running**[,] **and whether there was other evidence indicating that the motorist had driven the vehicle at some point prior to the arrival of the police**.

*Bold II*, 320 A.3d at 1201 (quoting *Banner*, 737 A.2d at 1207) (internal citations omitted). The [*Bold II*] Court stated: "This test must be applied in a fashion that honors the line we cited 'distinguish[ing] circumstances where a motorist is driving his vehicle while under the influence of alcohol, which the statute is intended to prevent, and circumstances where a motorist is physically present in a motor vehicle after becoming intoxicated.'" *Id.* (quoting *Banner*, 737 A.2d at 1208).

7

*Charko*, 327 A.3d at 366-67 (emphasis added).

Here, the trial court concluded that Corporal Shell had reasonable grounds to believe that Licensee was "in actual physical control of the vehicle[,]" Rule 1925(a) Op. at 3, explaining:

> Corporal Shell observed that the vehicle was running with the headlights on and [Licensee] in the driver seat. The keys were in the ignition. [Licensee] was sleeping so soundly that he did not wake when Corporal Shell opened the door and shinned [sic] the flashlight on him. [Licensee] admitted to drinking and had blurry vision and smelled of alcohol. Considering the totality of the circumstances, Corporal Shell had reasonable grounds to believe [Licensee] was in actual physical control of the vehicle while driving under the influence, even though he had not witnessed him driving the vehicle.

Rule 1925(a) Op. at 4.

Based on this Court's review, as in *Charko*, DOT offered no evidence in this case "indicating that [Licensee] had driven the vehicle at some point prior to the arrival of the police[,]" apart from the fact that Licensee's truck engine was running. *Charko*, 327 A.3d at 366 (quoting *Bold II*, 320 A.3d at 1201). That evidence alone is not sufficient to support the trial court's conclusion that Corporal Shell had "reasonable grounds to believe [Licensee] to have been driving, operating[,] or in actual physical control of the movement of [his] vehicle[.]" 75 Pa.C.S. § 1547(a). Accordingly, the trial court erred by holding that Corporal Shell had reasonable grounds to request a chemical test.

For all of the above reasons, the trial court's order is reversed.[7]

_____
ANNE E. COVEY, Judge

---

[7] Given the disposition of the first issue, this Court does not reach the second issue.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Edward Stewart,         :
             Appellant      :
                                  :
        v.                       :
                                  :
Commonwealth of Pennsylvania,  :
Department of Transportation,    :   No. 359 C.D. 2022
Bureau of Driver Licensing      :

## O R D E R

AND NOW, this 27th day of January, 2025, the Allegheny County Common Pleas Court's March 17, 2022 order is reversed.

_____
ANNE E. COVEY, Judge