Edward SOLOMON

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 19, 2008.

Decided Jan. 30, 2009.

Reconsideration Denied March 26, 2009.

Terrance M. Edwards, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

BEFORE: PELLEGRINI, Judge, FRIEDMAN, Judge [1], and BUTLER, Judge.

1. The decision in this case was reached before January 1, 2009, when Judge Friedman assumed the status of senior judge.

2. The *O'Connell* warnings are a statement of an operator's rights pursuant to section 1547

OPINION BY Judge BUTLER.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDOT) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) sustaining the appeal of Edward Solomon (Solomon) of his one year license suspension for his refusal to submit to a chemical test pursuant to Section 1547(b)(1) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1547(b)(1). PennDOT presents two issues before this Court: 1) whether Solomon was operating or in physical control of the movement of his vehicle while he was intoxicated, and 2) whether Solomon refused to submit to chemical testing. For reasons that follow, we affirm the trial court.

On January 29, 2007, at approximately 3:00 a.m., Solomon was sleeping in his vehicle at the 1700 block of South Swanson Street, across the street from Club Risqué. Philadelphia Police Officer Phillip Muscarnero woke him up and subsequently arrested him for driving under the influence of alcohol (DUI). Another unit transported Solomon to the Police Administration Building. Philadelphia Police Officer Thomas O'Neil thereafter read Solomon the *O'Connell* warnings,[2] and asked him if he would submit to a chemical test. Solomon responded "[g]o f* * * yourself, and do what you've got to do." Officer O'Neil deemed that to be a refusal.

On March 6, 2007, PennDOT sent Solomon official notice imposing a one year suspension pursuant to Section 1547(b)(1) of the Vehicle Code, *as amended,* 75 Pa. C.S. § 1547(b)(1) (relating to refusal to

of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1547, commonly known as the Implied Consent Law. *See Department of Transportation v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989).

submit to chemical testing). Solomon timely appealed to the trial court and the trial court sustained Solomon's appeal. PennDOT timely appealed to this Court.[3]

■ PennDOT argues that the trial court's finding that Officer Muscarnero did not have reasonable grounds to believe that Solomon was operating or was in actual physical control of the movement of his vehicle is not supported by competent evidence.

In determining whether an officer had reasonable grounds to believe that a motorist was in "actual physical control" of a vehicle, the court must consider the totality of the circumstances, including the location of the vehicle, whether the engine was running and whether there was other evidence indicating that the motorist had driven the vehicle at some point prior to the arrival of the police. *Banner v. Dept. of Transp., Bureau of Driver Licensing*, 558 Pa. 439, 446–447, 737 A.2d 1203, 1207 (1999). In *Banner* the officer discovered the operator at approximately 4:00 a.m. asleep in the reclined passenger seat of his car along side a rural road with his keys in the ignition. His lights, engine and ignition were off. The Court held:

> [v]iewing the totality of the circumstances, we hold that the information available to the officer prior to his request for chemical testing falls short of the minimum required evidence to support a finding of reasonable grounds. A review of the relevant case law indicates that at the very least, there must be some objective evidence that the motorist exercised control over the movement of the vehicle at the time he was intoxicated.

*Id.* at 447–448, 737 A.2d at 1207. In the instant case Officer Muscarnero discovered Solomon at approximately 3:00 a.m. asleep, in the reclined driver's seat of his car, walking distance from a bar. Although the car was running, it is undisputed that it was cold and snowing that evening. Officer Muscarnero testified that he stopped because Solomon's car was parked in a driving lane. Notes of Testimony, January 8, 2008 (N.T.) at 5; Reproduced Record (R.R.) at 8a. However, on cross examination Officer Muscarnero testified that it is common for cars to park where Solomon was parked; specifically he stated "[t]hey do park there for the club." N.T. at 11; R.R. at 9a.

Given the totality of the circumstances, the evidence falls short to support Penn-DOT's argument that Solomon had exercised control over the movement of the vehicle at the time he was intoxicated. *See Banner.* There was no objective evidence presented to indicate Solomon had driven the vehicle at any point prior to the arrival of the police. Accordingly, the trial court's finding that Officer Muscarnero did not have reasonable grounds to believe that Solomon was in actual physical control of the movement of his vehicle was supported by competent evidence.

■ PennDOT next argues that the trial court erred in holding that PennDOT failed to prove that Solomon refused chemical testing. "In proving whether a licensee refused to submit to chemical testing, [Penn]DOT's burden includes the burden of showing that the licensee was offered a meaningful opportunity to comply with § 1547 [of the Vehicle Code]." *Petrocsko v. Dept. of Transp., Bureau of Driver Li-*

---

**3.** This Court's scope of review in a license suspension case is limited to determining whether the trial court's findings of facts are supported by competent evidence and wheth- er the trial court committed an error of law or an abuse of discretion. *Orloff v. Dept. of Transp., Bureau of Driver Licensing*, 912 A.2d 918 (Pa.Cmwlth.2006).

*censing,* 745 A.2d 714, 716 (Pa.Cmwlth. 2000). In the instant case, it is undisputed that although Solomon used expletives, he did say "do what you've got to do." N.T. at 19, 33; R.R. at 11a, 15a. At that point he was deemed to be in refusal and was escorted out of the room. N.T. at 19; R.R. at 11a. Although Solomon's expletives were inappropriate, his response as a whole was certainly ambiguous and not an explicit refusal. Solomon's response could have been fairly taken to mean go ahead with the chemical test. The officer should have made an attempt at that point to confirm whether Solomon would submit to testing. Instead, the officer escorted him out of the room and immediately deemed a refusal. This fact further illustrates Penn-DOT's failure to prove that Solomon was offered "a meaningful opportunity to comply." *See Petrocsko.* Accordingly, the trial court did not err in holding that Penn-DOT failed to prove that Solomon refused chemical testing.

■ Even if Solomon's expletives were found to be a refusal, Solomon's license suspension must be vacated because of our prior determination regarding whether Officer Muscarnero had reasonable grounds to believe that Solomon was operating his vehicle while intoxicated.

In order to support a one-year suspension of operating privileges imposed in conformity with 75 Pa.C.S. § 1547(b) as a consequence of a chemical test refusal related to an arrest for violating 75 Pa.C.S. § 3802, the Bureau must establish that 1) the licensee was arrested for violating Section 3802 [(relating to DUI)]; 2) by a police officer who had reasonable grounds to believe that the licensee was operating a vehicle while in violation of Section 3802; 3) that the licensee was requested to submit to a chemical test; 4) that the licensee refused to do so; and 5) that the police officer fulfilled the duty imposed by 75 Pa.C.S. § 1547(b)(2)....

*Quick v. Dept. of Transp., Bureau of Driver Licensing,* 915 A.2d 1268, 1271 (Pa. Cmwlth.2007). As this Court has found that officer Muscarnero did not have reasonable grounds to believe that Solomon was operating his vehicle while intoxicated, the one year suspension cannot be supported. Accordingly, the trial court properly rescinded Solomon's one year license suspension.

For these reasons, the order of the trial court is affirmed.

### ORDER

AND NOW, this 30th day of January, 2009, the January 11, 2008 order of the Court of Common Pleas of Philadelphia County is hereby affirmed.