IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Remberto E. Polanco,                      :
                            Appellant     :
                                          :
        v.                                :    No. 485 C.D. 2022
                                          :    Submitted: December 30, 2022
Commonwealth of Pennsylvania,             :
Department of Transportation,             :
Bureau of Driver Licensing                :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                      FILED: February 17, 2023

        Remberto E. Polanco (Licensee) appeals from an order entered in the
Court of Common Pleas of Montgomery County (trial court) on April 26, 2022,
affirming the 12-month suspension of his operating privilege imposed by the
Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver
Licensing (DOT) pursuant to what is commonly known as the Vehicle Code's
Implied Consent Law, 75 Pa. C.S. §1547(b), as a result of Licensee's refusal to
submit to chemical testing upon his arrest for driving under the influence of alcohol
or a controlled substance (DUI).[1] We affirm.

## I. BACKGROUND[2]

        At around 11:54 p.m. on the night of November 27, 2021, Officer
Saman Hashemi-Sohi was on routine patrol in a marked patrol vehicle when he
witnessed Licensee in his vehicle continue through a steady red light. Officer

---

[1] 75 Pa. C.S. § 3802.

[2] Unless otherwise stated, we adopt the statement of facts from the trial court's opinion,
which is supported by substantial evidence of record. *See* Trial Ct. Op., 6/7/2022, at 1-4
(unpaginated).

Hashemi-Sohi pulled Licensee over for a traffic violation and conducted a motor vehicle stop. When Officer Hashemi-Sohi approached Licensee, he noticed that his eyes were bloodshot and glassy, and there was a strong odor of alcohol coming from Licensee's breath. Officer Hashemi-Sohi informed Licensee of the smell, and Licensee thereafter admitted to having a few beers before operating the vehicle. Officer Hashemi-Sohi requested that Licensee exit the vehicle.

Officer Hashemi-Sohi administered field sobriety tests, which Licensee failed. Licensee consented to a preliminary breath test at the time of the car stop, but there was an error with the device which resulted in no reading. Licensee was placed into custody for DUI and put in the rear of the Officer's vehicle. While seated in the rear of the vehicle, Officer Hashemi-Sohi read Licensee the DL-26B form verbatim,[3] after which Licensee consented to have his blood drawn. Officer Hashemi-Sohi

---

[3] The DL-26B form's blood testing warnings read as follows:

It is my duty as a police officer to inform you of the following:

1. You are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code.

2. I am requesting that you submit to a chemical test of blood.

3. If you refuse to submit to the blood test, your operating privilege will be suspended for at least 12 months. If you previously refused a chemical test or were previously convicted of driving under the influence, your operating privilege will be suspended for up to 18 months. If your operating privilege is suspended for refusing chemical testing, you will have to pay a restoration fee of up to $2,000 in order to have your operating privilege restored.

4. You have no right to speak with an attorney or anyone else before deciding whether to submit to testing. If you request to speak with an attorney or anyone else after being provided these warnings or you remain silent when asked to submit to a blood test, you will have refused the test.

Exhibit C-1, DL-26B form.

transported Licensee to the police station and called medics to conduct a chemical test. When medics arrived, Licensee did not permit the medics to draw his blood.

By letter dated December 13, 2021, DOT notified Licensee that because of his refusal to submit to chemical testing, his operating privilege would be suspended for a period of 12 months. Licensee appealed to the trial court. The trial court conducted a hearing and denied the appeal on April 26, 2022. Licensee timely appealed to this Court.

## II. ISSUE

Licensee asserts that the trial court erred in denying his suspension appeal where the Licensee was not given meaningful opportunity to submit to the chemical test of blood. Licensee Br. at 9-11 (citing in support *Solomon v. Dep't of Transp., Bureau of Driver Licensing*, 966 A.2d 640 (Pa. Cmwlth. 2009), *overruled on other grounds by Bold v. Dep't of Transp., Bureau of Driver Licensing*, 285 A.3d 970 (Pa. Cmwlth. 2022)).

## III. DISCUSSION[4]

To sustain a license suspension, DOT has the burden of establishing that licensee

> (1) was arrested for drunken driving by a police officer having reasonable grounds to believe that the licensee was driving under the influence, (2) was requested to submit to a chemical test, (3) refused to do so and (4) was warned that refusal would result in license suspension. Once DOT meets this burden, the burden shifts to the licensee to establish that he or she either was not capable of making a knowing and conscious refusal or was physically unable to take the test.

---

[4] Our standard of review in a license suspension case is to determine whether the factual findings of the trial court are supported by substantial evidence and whether the trial court committed an error of law or an abuse of discretion. *See Negovan v. Dep't of Transp., Bureau of Driver Licensing*, 172 A.3d 733, 735 n.4 (Pa. Cmwlth. 2017).

*Giannopoulos v. Dep't of Transp., Bureau of Driver Licensing*, 82 A.3d 1092, 1094 (Pa. Cmwlth. 2013) (internal citation omitted). In this instant matter, no dispute exists as to these elements: Licensee was arrested for drunken driving based on reasonable grounds to believe that he was driving under the influence; Officer Hashemi-Sohi clearly requested that Licensee submit to chemical testing, and by reading the DL-26B form, Officer Hashemi-Sohi warned Licensee that his refusal to submit to chemical testing would result in a license suspension. Licensee challenges the conclusion that he refused to submit to the requested chemical testing.

"The question of whether a licensee refuses to submit to a chemical test is a legal one, based on the facts found by the trial court." *Nardone v. Dep't of Transp., Bureau of Driver Licensing*, 130 A.3d 738, 748 (Pa. 2015). Our Supreme Court has stated that "any response from a licensee that is anything less than an unqualified, unequivocal assent to submit to testing constitutes a refusal, subjecting the licensee to the one-year suspension." *Id*. (cleaned up); *see also Factor v. Dep't of Transp., Bureau of Driver Licensing*, 199 A.3d 492, 497 (Pa. Cmwlth. 2018) (observing that "Pennsylvania courts have long and consistently held that anything less than an unqualified, unequivocal assent to submit to chemical testing constitutes a refusal to consent thereto"). "Further, an explicit refusal is not required to find a licensee refused to consent to chemical testing; a licensee's conduct may constitute a refusal." *Factor*, 199 A.3d at 497 (cleaned up).

Here, Licensee did not provide an unqualified, unequivocal assent to submit to chemical testing. Officer Hashemi-Sohi testified that Licensee consented to a preliminary breath test but the test did not receive a reading because there was an error with the device. Notes of Testimony (N.T.), 4/26/22, at 6. According to Officer Hashemi-Sohi, he read Licensee the DL-26B form verbatim, and Licensee consented to a chemical test. *Id*. However, according to Officer Hashemi-Sohi, once the medics arrived to draw Licensee's blood, Licensee would not allow the medics

4

to touch him to conduct a blood draw. *Id.* at 7, 12. Thus, Officer Hashemi-Sohi determined that Licensee refused the blood test. *Id.* at 7.

In denying Licensee's appeal, the trial court relied upon Officer Hashemi-Sohi's testimony. *See* Trial Ct. Op. at 3. Officer Hashemi-Sohi's determination aligns with the current law, that Licensee is required to provide an unqualified and unequivocal assent to submit to chemical testing. *See Nardone*; *Factor*. Therefore, the trial court did not err in determining that Licensee refused to submit to chemical testing.

Licensee argues that he was not provided a meaningful opportunity to submit to testing because he was informed that the chemical testing was optional. Licensee Br. at 10-11. According to Licensee, his testimony before the trial court was neither challenged by DOT nor discredited by the trial court. Licensee Br. at 10. We disagree. Though Licensee testified that he was told taking the chemical test was optional, this conflicts with Officer Hashemi-Sohi's testimony that Licensee refused the test. The trial court's opinion explicitly relied upon and credited Officer Hashemi-Sohi's testimony. *See* Trial Ct. Op. at 3. Licensee essentially requests that this Court disturb the trial court's credibility determinations, which this Court cannot do. *See Giannopoulos*, 82 A.3d at 1096 ("Determinations as to the credibility of witnesses and the weight assigned to the evidence are solely within the province of the factfinder. Conflicts in the evidence are for the trial court to resolve and are improper questions for appellate review.").

Further, Licensee's reliance on *Solomon* is misplaced. In *Solomon*, this Court concluded that the licensee's response of "do what you've got to do" to a request for a chemical test was ambiguous. 966 A.2d at 643. We reasoned that this response could have meant to go ahead with the chemical test and that the officer should have confirmed that the licensee would submit to chemical testing. *Id*. In the present case, Licensee physically refused a chemical test by not allowing medics to

conduct a blood draw. Licensee's actions in this case are not ambiguous; rather, his conduct is a clear indication of a refusal. *See Factor*, 199 A.3d at 497. Therefore, Licensee's reliance on *Solomon* is misplaced.

## IV. CONCLUSION

For these reasons, we find no error in the trial court's determination that Licensee refused chemical testing. Accordingly, we affirm the trial court's order denying Licensee's statutory appeal of his license suspension.

LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Remberto E. Polanco, : 
                            Appellant : 
                                      : 
                 v. :     No. 485 C.D. 2022
                                        : 
Commonwealth of Pennsylvania, : 
Department of Transportation, : 
Bureau of Driver Licensing : 

# **O R D E R**

AND NOW, this 17th day of February, 2023, the April 26, 2022 order of the Court of Common Pleas of Montgomery County is AFFIRMED.

_____
LORI A. DUMAS, Judge