# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jesse Paul Charko | : | |
| | : | |
| | : | |
| v. | : | No. 1065 C.D. 2023 |
| | : | SUBMITTED: October 8, 2024 |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | |

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE LORI A. DUMAS, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED: November 19, 2024**

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, appeals from an order of the Court of Common Pleas of Beaver County sustaining the statutory appeal of Licensee, Jesse Paul Charko, from the Department's imposition of an 18-month suspension of his operating privilege for refusing to submit to chemical testing pursuant to Section 1547(b)(1)(ii) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1)(ii).[1]  We affirm.

In June 2023, the trial court conducted a *de novo* hearing at which Harmony Township police officer Juan Villagomez, Licensee, and two witnesses on behalf of Licensee testified.  In addition, one exhibit was accepted into evidence: Commonwealth Exhibit 1 (the Department's packet of supporting documentation).

---

[1] Section 1547, commonly referred to as the Implied Consent Law, permits chemical testing of licensees under certain circumstances.  An 18-month suspension is warranted when a licensee commits a second violation of Section 1547.  75 Pa.C.S. § 1547(b)(1)(ii).

The sole issue on appeal is whether Officer Villagomez had reasonable grounds to believe that Licensee had been operating or in actual physical control of the movement of a vehicle while in violation of Section 3802 of the Vehicle Code, 75 Pa.C.S. § 3802 (i.e., while driving under the influence [DUI]), when the officer requested that Licensee submit to chemical testing.[2]

The trial court accepted as credible Licensee's narrative as to what occurred, noting that Licensee's account, largely, was corroborated by Officer Villagomez's testimony and official reports.[3] Mindful of the foregoing, the pertinent findings of fact are as follows. At approximately 2:30 a.m. on December 3, 2021,

---

[2] In pertinent part, Section 1547(a) of the Vehicle Code provides:

> Any person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath or blood for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle in violation of section . . . 3802 (relating to driving under influence of alcohol or controlled substance)[.]

75 Pa.C.S. § 1547(a). Even though the Department included "driving" in its statement of questions involved, it asserted in its Concise Statement of Errors Complained of on Appeal that it "sufficiently demonstrated that Officer Villagomez had reasonable grounds . . . to conclude that [Licensee] was operating a motor vehicle under the influence of alcohol and/or a controlled substance." Oct. 16, 2023 Concise Statement at 2; Reproduced Record (R.R.) at 125a. In addition, the trial court did not conclude that Licensee was driving. *See* Nov. 22, 2023 Trial Ct. Op. at 5 ("Neither officer observed [Licensee] driving, and no reports from any witnesses stated that [he] was driving."). Accordingly, we approach this case as one involving whether the motorist was "operating or was in actual physical control of the movement of a vehicle." *See Bold v. Dep't of Transp., Bureau of Driver Licensing*, 320 A.3d 1185, 1191 n.32 (Pa. 2024) (*Bold II*) (where no one maintained and the trial court did not find that the motorist drove the vehicle, the Court focused on "operating or in actual physical control of the movement" of the vehicle).

[3] The weight of the evidence is exclusively within the purview of the fact finder, who is free to believe all, part, or none of the evidence and determine the credibility of witnesses. *Reinhart v. Dep't of Transp., Bureau of Driver Licensing*, 954 A.2d 761, 765 (Pa. Cmwlth. 2008).

Officer Villagomez responded to a complaint of loud music in Ambridge, Pennsylvania. The source was the radio in a 2011 GMC truck, parked in front of Licensee's residence with its engine running and the transmission in Park. Officer Villagomez found Licensee lying flat in the fully reclined driver's seat, either asleep or unconscious. After unsuccessfully trying to rouse him, an assisting police officer opened the passenger door, reached inside, and turned off the ignition. When Officer Villagomez opened the driver's side door and identified himself, Licensee remained unresponsive. Officer Villagomez detected an odor of alcohol and saw a bottle of beer in the center cup holder. After some additional nudging, Licensee stated "I'm awake." Nov. 22, 2023 Trial Ct. Op. at 3. At that time, the officers noted Licensee's slurred speech, watery blood shot eyes, and slow movements. As to whether Licensee had been drinking, he acknowledged that he had four beers at the American Legion. After Licensee refused to submit to field sobriety tests, Officer Villagomez placed him under arrest and read him the DL-26B form verbatim. Licensee refused to submit to chemical testing.

During the traffic stop, Licensee continually requested that the officers contact the commander of the American Legion to confirm that someone had given Licensee a ride home and that someone else had driven his truck back. *Id*. at 4. Neither officer did so. When the officers asked Licensee why he was found asleep in the driver's seat of his truck with the radio on and the engine running, he stated that he lived in the building in front of where his truck was parked and that the building's heat was not working as the result of a fire. *Id*. Although Officer Villagomez testified that he did not recall whether Licensee said that he had been inside the building before they arrived, the officer acknowledged that Licensee "made comments saying he is running a generator to run his electric, but there is no

3

power or anything like that in the [building] itself." June 22, 2023 Hearing, Notes of Testimony (N.T.) at 24; Reproduced Record (R.R.) at 48a. Based on Officer Villagomez's testimony on rebuttal that he later confirmed with the code enforcement officer that the building was uninhabitable, the trial court found that Licensee "did, in fact, tell the officers that night that he was sleeping in his [truck] due to the lack of heat in his home." Nov. 22, 2023 Trial Ct. Op. at 4 n.15. In support, the trial court referenced Officer Villagomez's testimony that even though he did not confirm the building's uninhabitability until later, he could tell its condition by how it appeared that night. *Id*. at 5 n.16.

As stated, the sole issue on appeal is whether Officer Villagomez had reasonable grounds to believe that Licensee had been operating or in actual physical control of the movement of a vehicle while intoxicated when the officer requested that Licensee submit to chemical testing. Whether reasonable grounds exist is a question of law subject to our plenary review. *Banner v. Dep't of Transp., Bureau of Driver Licensing*, 737 A.2d 1203, 1206 (Pa. 1999). More specifically, our role is to review the trial court's findings of fact and determine whether, as a matter of law, they support the trial court's determination that Officer Villagomez lacked reasonable grounds. In so doing, we must view the evidence in a light most favorable to Licensee as the party who prevailed before the trial court. *Reinhart v. Dep't of Transp., Bureau of Driver Licensing*, 954 A.2d 761, 765-66 (Pa. Cmwlth. 2008).

## I.

Our Supreme Court recently reversed this Court's decision in *Bold v. Department of Transportation, Bureau of Driver Licensing*, 285 A.3d 970 (Pa. Cmwlth. 2022) (*Bold I*), *rev'd*, 320 A.3d 1185 (Pa. 2024) (*Bold II*), thereby clarifying the test for reasonable grounds to apply to motorists who are found in

4

vehicles but not observed driving. In *Bold*, the police officer found the motorist parked outside a bar in a mall parking lot, passed out in the driver's seat, and slumped over the wheel with the engine running and headlights activated. The officer opened the unlocked vehicle door, shut off the engine, and woke up Bold. In addition to the smell of alcohol on Bold's breath, Bold had trouble producing his documentation, could not follow instructions for field sobriety testing, was unsteady on his feet and argumentative, and refused chemical testing. Concluding that the Department established reasonable grounds even though Bold was not driving, this Court in *Bold I* reversed the trial court's order sustaining his statutory appeal.

In reversing the trial court, this Court in *Bold I*, 285 A.3d at 978-79, partially overruled *Solomon v. Department of Transportation, Bureau of Driver Licensing*, 966 A.2d 640 (Pa. Cmwlth. 2009). In *Solomon*, the motorist was found asleep in the reclined driver's seat of a vehicle located across the street from a night club on a cold and snowy night with the vehicle's engine running. Mindful of the Supreme Court's observation in *Banner*, 737 A.2d at 1207, that reasonable grounds required, "at the very least, . . . some objective evidence that the motorist exercised control over the movement of the vehicle at the time he was intoxicated[,]" this Court in *Solomon* concluded that the Department did not establish reasonable grounds because it presented no objective evidence indicating that Solomon had driven the vehicle before the police's arrival.

In reversing this Court's decision in *Bold I*, the Supreme Court in *Bold II* revisited, *inter alia*, the application of the *Banner* test for ascertaining reasonable grounds in cases where motorists are found in vehicles but not observed driving. The Supreme Court emphasized that "[t]he Vehicle Code's provisions pertaining to DUI aim to deter one hazardous behavior that imperils public safety and one only:

5

*driving* under the influence." *Bold II*, 320 A.3d at 1201 (emphasis in original). It rejected what it characterized as this Court's departure from a common-sense understanding of the statute where we held that the implied consent statute and, by extension, the DUI statute itself, "applie[d] even in the absence of anything resembling actual driving." *Id*. In so doing, the Supreme Court cited several cases, including *Solomon*, 966 A.2d at 640, as support for the proposition that

> [t]he use of the word "actual" as well as the definite article in "the movement" at least suggest that the driver actually has to have done something, that there was an actual movement near in time to the police encounter—or at least reasonable grounds to suspect such actual movement.

*Bold II*, 320 A.3d at 1193 n.47.[4]

Accordingly, the Supreme Court in *Bold II* confirmed the *Banner* test for reasonable grounds as set forth in that 1999 case:

> Reasonable grounds exist when a person in the position of the police officer, viewing the facts and circumstances as they appeared at the time, could have concluded that the motorist was operating the vehicle while under the influence of intoxicating liquor. In determining whether an officer had reasonable grounds to believe that a motorist was in "actual physical control" of a vehicle, the

---

[4] Notably, the Supreme Court in *Bold II* had divergent judicial interpretations of the operative statutes and how the language related to reasonable grounds. In a concurring opinion, Justice Dougherty agreed with the *Bold II* Majority that "drive," "operate," and "actual physical control of the movement of a vehicle" all required a finding that the vehicle moved while the motorist was impaired and that, in the absence of such evidence, Bold was entitled to relief. However, Justice Dougherty disagreed that the terms were interchangeable. *Bold II*, 320 A.3d at 1206-07.

In a dissenting opinion, Justice Mundy stated that she "would hold that the triggering word 'operates(s)' does not require evidence of movement but can be satisfied by exhibiting power over one's automobile." *Id*. at 1210. She would have concluded that the "facts establish that Bold had power over his vehicle as it shows he was in command of the machinery and management of his vehicle's movement . . . ." *Id*.

6

court must consider the totality of the circumstances, including the location of the vehicle, whether the engine was running and whether there was other evidence indicating that the motorist had driven the vehicle at some point prior to the arrival of the police.

*Bold II*, 320 A.3d at 1201 (quoting *Banner*, 737 A.2d at 1207) (internal citations omitted). The Court stated: "This test must be applied in a fashion that honors the line we cited 'distinguish[ing] circumstances where a motorist is driving his vehicle while under the influence of alcohol, which the statute is intended to prevent, and circumstances where a motorist is physically present in a motor vehicle after becoming intoxicated.'" *Id*. (quoting *Banner*, 737 A.2d at 1208).

In relying on *Banner*, the Supreme Court in *Bold II* observed that the *Banner* test has not been explicitly questioned since its articulation and that, "in multiple revisitations of the Vehicle Code's implied consent and DUI statutes, the legislature has never seen fit to amend the relevant statutory language." *Bold II*, 320 A.3d at 1201. In addition, the Court emphasized "the importance of allowing *statutes*, not layers of case law, to determine outcomes in matters of statutory interpretation." *Id*. at 1191 (emphasis in original).

## II.

In the present case, the trial court concluded that the information available to Officer Villagomez when he requested that Licensee submit to chemical testing fell short of the minimum required evidence to support reasonable grounds. Acknowledging that it is irrelevant whether alternative reasonable explanations exist as to how a motorist came to be as he was found,[5] the trial court reasoned that an "officer [nonetheless] must base his belief on *objective* evidence." Nov. 22, 2023 Trial Ct. Op. at 13 (emphasis in original). In concluding that the evidence the

---

[5] *Gammer v. Dep't of Transp., Bureau of Driver Licensing*, 995 A.2d 380 (Pa. Cmwlth. 2010).

7

Department proffered fell short, the trial court observed that the totality of evidence known to Officer Villagomez on the night in question included verifiable evidence that someone had dropped off Licensee at his residence and someone else had driven his truck there,[6] as well as evidence that his residence was unhabitable. *Id.* The trial court reasoned that the fact that Licensee "was sleeping fully reclined in the driver seat with the engine running" was insufficient alone to reasonably conclude that he was in "actual physical control" of the truck. *Id.* at 14. The trial court emphasized that the Department "provided no other objective evidence indicating that [Licensee] operated or was in actual physical control of the movement of the vehicle at some point prior to the arrival of the police." *Id.* In addition, it noted that "[n]either officer observed [Licensee] driving, and no reports from any witnesses stated that [he] was driving." *Id.* at 5.

We agree that the Department failed to establish that Officer Villagomez had reasonable grounds to believe that Licensee had been operating or in actual physical control of the movement of a vehicle while intoxicated when he requested that Licensee submit to chemical testing. Even though the test for reasonable grounds has been characterized as not very demanding and an officer need not be correct in his belief,[7] the Department is still required to present objective evidence that supports such belief. *Bold II*, 320 A.3d at 1195 n.56. There is no such objective evidence in the present case.

---

[6] The fact that the officers chose not to seek verification of Licensee's account constituted a legitimate circumstance for the trial court to consider in determining that the Department failed to establish reasonable grounds.

[7] *Gammer*, 995 A.2d at 384; *Marone v. Dep't of Transp., Bureau of Driver Licensing*, 990 A.2d 1187, 1190 (Pa. Cmwlth. 2010).

8

As the trial court alluded, even though Officer Villagomez did not have to believe Licensee's account, the Department nonetheless bore the burden of presenting some objective evidence that Licensee exercised control over the movement of the truck while intoxicated. *Banner*, 737 A.2d at 1207. Besides Licensee's presence in the driver's seat with the engine running, the Department presented no other evidence indicating that Licensee had driven the truck before the officers' arrival.[8] As the Supreme Court observed, "there is an inescapable fact-sensitivity to these cases." *Bold II*, 320 A.3d at 1198. Accordingly, based on the trial court's supported findings of fact, we affirm.

---

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[8] The fact that two witnesses subsequently testified on Licensee's behalf thereby bolstering his account is somewhat irrelevant as to whether a person in the position of Officer Villagomez on the night in question could have reasonably believed that Licensee was operating his vehicle while DUI. However, the trial court in finding Licensee to be credible could have taken their testimony into account. As noted, it is within the purview of the trial court to weigh the evidence and determine the credibility of the witnesses. *Reinhart*, 954 A.2d at 765.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jesse Paul Charko                :
                                         :
            v.                   :    No. 1065 C.D. 2023
                                           :

Commonwealth of Pennsylvania,   :
Department of Transportation,    :
Bureau of Driver Licensing,      :
                  Appellant   :

# **O R D E R**

AND NOW, this 19th day of November, 2024, the order of the Court of Common Pleas of Beaver County is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita